Janine Chessa (f/k/a) Hillman
31 Christopher Street
Ramsey, NJ 07446
973-886-1164

March 15, 2011

United States Bankruptcy Court
District of New Jersey
Clerk's Office
MLK Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

> **Re: John R. Hillman**
> **Case No. 10-46266-RG**
> **Debt: Valley National Bank v. Hillman Construction, Inc.**
> **Docket No. PAS-L-4956-09**
> **Judgment No. J-151851-10**
>
> *Adv. 11-1230*

~~Dear Cindy:~~

Enclosed please find a copy of the Motion that I have filed with the Passaic County Superior Court, Family Part, Paterson, New Jersey for enforcement of my Property Settlement Agreement regarding the above referenced file.

Kindly add to the above file for reference in the upcoming Pre-Trial scheduled for June 2011.

Thank you for your courtesies and cooperation in this matter.

Very truly yours,

*Janine Chessa*

Janine Chessa

Janine Chessa

31 Christopher Street

Ramsey, NJ 07446

March 14, 2011

Clerk, Superior Court of New Jersey

Chancery Division-Family Part

Motions:Post Judgment

Passaic County Courthouse Administration Building

401 Grand Street

Paterson, NJ 07505

                    Re:    **Chessa v. Hillman**
                           **FM – 16-0005-09**

Dear Sir/Madam:

    Enclosed please find an original and one (2) copies of a Notice of Motion, Notice to Litigants, Certification of Janine Chessa, Certification of Mailing and Proposed form of Order with reference to the above captioned matter.

    Kindly stamp extra copy enclosed "filed" and return a copy to me in the self-addressed stamped envelope provided for your convenience.

    Also enclosed is a check in the amount of $30.00, representing the filing fee for same.

    Thank you for your assistance in this matter.

                                        Very truly yours,

                                        *Janine Chessa*
                                        Janine Chessa

cc:  **Kenneth Lowell Rose, Esq. (w/enc.)**
     **U.S. Bankruptcy Court/District of New Jersey (w/enc.)**

**Janine Chessa f/k/a Janine Hillman**
31 Christopher Street
Ramsey, New Jersey 07446
Tele: 973-886-1164
Plaintiff, pro se
================================

| | | |
|---|---|---|
| JANINE CHESSA (HILLMAN), | : | SUPERIOR COURT OF NEW JERSEY |
| | : | CHANCERY DIVISION: FAMILY PART |
| | : | PASSIAC COUNTY |
| Plaintiff, | : | DOCKET NO. **FM -16 -0005 – 09** |
| v. | : | |
| | : | CIVIL ACTION |
| | : | |
| JOHN HILLMAN, | : | |
| | : | **NOTICE OF MOTION** |
| Defendant. | : | |

================================

TO:

John R. Hillman
407 North 4th Avenue
Hawthorne, NJ 07506

**PLEASE TAKE NOTICE,** that on April 15, 2011, at 9:00 am in the forenoon, or as soon thereafter that this matter may be heard, the undersigned, Plaintiff, pro se, shall move before the Passaic County Superior Court, Family Part, Paterson, New Jersey,  for an Order as follows:

1. Enforcing the terms of the Property Settlement Agreement dated February 14, 2008.

2. Ordering the Defendant to immediately remove Plaintiff's name from the loan from Valley National Bank, Account No. 450063689, either by restructuring, refinancing, paying-off, or taking whatever steps may be necessary for the Plaintiff's name and obligation to be removed from said loan.

3. Ordering the Defendant to immediately pay back the sum of $3,193.88 within 30 days, to my mother, Lorraine Chessa, representing monies taken out of her account and paid toward this loan.

4. Imposing sanctions against the Defendant if this Order is not complied with within thirty days from the date of the Order.

5. Ordering the Judgment No. 151851-1, filed against me by Valley National Bank, on March 26, 2010 under Docket No. PAS-L-4956-09 be vacated.

6. Any further relief as this Court may deem equitable and just.

JANINE CHESSA

Dated: 3-14-11

## NOTICE TO LITIGANTS:    IF YOU WANT TO RESPOND TO THIS MOTION YOU MUST DO SO IN WRITING.

This written response must be by affidavit or certification.    (Affidavits and certifications are documents filed with the court.   In either document, the person signing it swears to its truth and acknowledges that they are aware that they can be punished for filing knowingly untrue statements with the court.   Your signatures on Affidavits must be notarized.  Signatures on certifications need not be notarized.

If you would also like to submit your own separate requests in a motion to the judge, you can do so by filing a cross-motion.   Your response and/or cross-motion may ask for oral argument.   That means you can ask to appear before the court to explain your position. However, you must submit a written response even if you request oral argument.   Any papers you send to the court must be sent to the opposing side, either to the attorney, if the opposing party is represented by one, or to the other party, if they represent themselves.

The response and/or cross motion must be submitted to the court by a certain date. All motions must be filed on the Tuesday 24 days before the return date.  A response and/or cross motion must be filed 15 days (Thursday) before the return date.  Answers or responses to any opposing affidavits and cross-motions shall be served and filed no later than 8 days (Thursday) before the return date.  No other response is permitted without permission of the court.  If you mail in your papers you must add three days to the above time periods.

Response to motion papers are to be directed to the court and sent to the following address:  Family Division Motions Clerk, Superior Court of New Jersey, Passaic County Administration Building, 401 Grand Street, 8th Floor, Paterson, New Jersey  07505.

Call the Family Division Manager's Office at (973) 247-8459 if you have any questions on how to file a motion, cross-motion or any response papers.  Please note that the Family Division office cannot give you legal advice.

**Janine Chessa f/k/a Janine Hillman**
31 Christopher Street
Ramsey, New Jersey 07446
Tele: 973-886-1164
Plaintiff, pro se
==================================

| | | |
|---|---|---|
| JANINE CHESSA (HILLMAN), | : | SUPERIOR COURT OF NEW JERSEY |
| | : | CHANCERY DIVISION: FAMILY PART |
| | : | PASSIAC COUNTY |
| Plaintiff, | : | DOCKET NO. **FM -16 -0005 – 09** |
| v. | : | |
| | : | CIVIL ACTION |
| | : | |
| JOHN HILLMAN, | : | |
| | : | **CERTIFICATION** |
| Defendant. | : | |

==================================

Janine Chessa, f/k/a Janine Hillman, hereby certifies and states:

1. I am the Plaintiff in the above listed matter, and make this Certification in support of my Notice of Motion to enforce Litigants Rights.

2. The Defendant and I were divorced on February 14, 2008. (**Exhibit A**).

3. According to the Property Settlement attached to the Judgment of Divorce, Article 5, Equitable Distribution, **Hillman Construction**, "Husband was to indemnify the Wife for all liabilities associated with the business, including but not limited to the line of credit". In connection therewith I was to sign over all of my interest in Hillman Construction.

4. In addition, my former divorce attorney, Mr. Anthony Fiorello, wrote a letter to Defendant's divorce attorney on January 27, 2008 (**Exhibit B**). In the 2nd paragraph, it clearly states the issues surrounding this credit line and Defendant's abuse of it long after I had filed for divorce in February 2007. On January 31, 2007, shortly before I filed for divorce, the balance on the loan was $5,237.51. By the date of Mr. Fiorello's letter, only

1 year later, Defendant had maxed out the credit line to its $50,000.00 limit, apparently

taking these funds for his personal use.

5. In connection with the provisions of the Property Settlement Agreement, I

executed the appropriate documentation to have my name removed from Hillman

Construction, turning over all of my interest therein to the Defendant.

6. The Defendant never had me taken off of the line of credit loan to Valley

National Bank. He had every opportunity within the past 3 years to either pay-off the

loan or refinance the loan into his name alone.

7. I want to show the Court that it is not fair that not only is the Defendant in

violation of the Judgment of Divorce and Property Settlement Agreement, he could have

easily paid off the loan when it had a low balance, instead he maxed out the line of credit,

and now is trying to cry poverty and have said loan discharged in the Bankruptcy Court

(see attached **Exhibit C**). The Court will note the Valley National Loan Balance of

approximately $50,000.00 on the petition. And for the sake of his lack of integrity and

continual non-compliance history, the Court may also note a balance of child support

arrears of close to $35,000.00.

8. Due to the severity of the domestic violence situation, and the excessive child

support arrearages of $35,000.00, it has been one struggle after another to get the

Defendant to cooperate or follow any of the provisions of our Property Settlement

Agreement. Mr. Hillman thinks that he can just do whatever he wants, with no regard

whatsoever for his children or myself. The refusal of Mr. Hillman to make the necessary

arrangements throughout the past three years to facilitate the aforementioned provision of

our Agreement, even after I signed over all right, title and interest in the business is just

another example of his blatant disregard for the terms and conditions of the Agreement

and the Orders of this Court.  There have been Motions upon Motions, and Orders, to no

avail.

     9  On November 30, 2009 I spoke with and wrote to Mr. Rose of Valley National

Bank in an effort to resolve this matter. **(Exhibit D)**. The next correspondence I received

from Mr. Rose was a letter dated January 11, 2010 stating that Mr. Hillman had

submitted a repayment plan proposal which had been submitted to the Bank for

evaluation and determination. **(Exhibit E)**. Apparently, when Mr. Hillman became aware

that the Bank was also pursuing legal action against me and would be obtaining a

judgment and lien against my home, he abandoned any attempt to pay back his loan

obligation and decided to file bankruptcy instead.

     10 Due to the Defendants failure to make good on the loan, or refinance the loan,

taking my name off as a co-signer, Valley National Bank did file a Judgment against me,

and put a lien against my house in the full amount due on the Defendant's loan, which is

approximately $31,000.00. **(Exhibit F)**.

     11  Further efforts to obtain payment for the Defendant's debt, Valley National

Bank put a levy on my accounts **(Exhibit G)**, and withdrew from my mother's account

the sum of $3,193.88. **(Exhibit H)**. The money in this account was my deceased father's

hard earned pension monies going to my mother. My mom put my name on her account

after my father died. This amount is owed directly to my mother, Lorraine Chessa, and

was deducted off the current loan balance.

     12  Now, in a even further effort to obtain payment from me, Valley National

Bank has filed a Motion for Wage Execution against me. **(Exhibit I)**  If this is to be

granted, coupled with the fact that the Defendant has not paid his child support, it could very well leave me and my three children homeless.

13  If the loan is discharged in the Bankruptcy Court, this would leave me solely responsible for Mr. Hillman's debt.  This is just not legally nor morally possible.  I would be solely responsible for a debt that the Defendant absolved me from when he signed our Property Settlement Agreement.  He never took the necessary steps to facilitate the removal of my name and obligation from the loan, and due to the permanent Restraining Order and various violations throughout the Counties, it has been impossible for me to have any communication with Mr. Hillman at any time, not that speaking to him would have changed anything.

14  I have filed a Complaint for Adversary Proceeding with the Bankruptcy Court in an effort to object to the discharge of the debt, as it  "under the Divorce Decree it created a debt that was in the nature of alimony or support, and is therefore not dischargeable under the Bankruptcy Code".  Further, it will discharge the Defendant from ever paying one cent of the $50,000.00 he spent, and leaving me holding the bag! (Objection letter and formal Complaint is attached hereto as **Exhibit J**).  I asked the Bankruptcy Court for the opportunity to have this matter taken care of in this court, the venue in which it belongs in.

15  I have further filed an objection to the wage execution. (**Exhibit K**)

16  I believe that this matter needs to be decided by this Court.  It is an issue of violation of the Property Settlement Agreement.  It is one that only this Court can Order. This relief must be sought immediately, as time is of the essence, as there are two other proceedings hanging in the balance on the outcome of this Motion.

17  The Defendant must be ordered to immediately have my name removed from the loan.  If it is not done immediately, sanctions must be imposed.  My credit is ruined, and the fact that I have had to expend much time, duress and money to answer all of these proceedings because Mr. Hillman did not take care of yet, another one of his obligations, is just unfair and unjust to say the least.

18  On March 26, 2010, Valley National Bank entered a Judgment No.  15-1851-1, under Docket No. PAS-L-4956-09, against me for the full amount due on the loan.  I ask that this Judgment be vacated as this is not my obligation, and now they have a lien against my house.  If I need to sell the house for financial reasons, Valley National Bank will take the proceeds, if any as and for satisfaction of the Defendant's Loan.  This should have never been filed against me, but should only be filed against the Defendant,  and it is destroying what little credit I have left.  I respectfully ask Your Honor to have the Judgment Vacated that has been filed against me.

## **CERTIFICATION**

I certify that the foregoing statements made by me are true, I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to

punishment by law.

_____
JANINE CHESSA

DATED: **3-14-11**

# EXHIBIT A

DAMICO, DEL SARDO & MONTANARI, LLC
300 Lackawanna Avenue
West Paterson, New Jersey 07424
[973] 785-8181
Attorney for Defendant: John Hillman

FILED

FEB 14 2008

EDWARD V. TORACK, J.S.C.

| | |
|---|---|
| Janine Hillman | SUPERIOR COURT OF NEW JERSEY |
| | CHANCERY DIVISION |
| | BERGEN COUNTY: FAMILY PART |
| Plaintiff, | |
| | Docket Number: FM-02-1772-07-V |
| | FM-16-0005-09 |
| vs. | Civil Action |
| John Hillman | DUAL JUDGEMENT OF DIVORCE |
| | WITH PROPERTY SETTLEMENT |
| Defendant. | AGREEMENT ATTACHED |

**THIS MATTER** coming on to be heard on the 14TH day of February, 2008, in the presence of Michael E. Damico, Esq., of the firm of **DAMICO, DEL SARDO & MONTANARI, LLC** appearing on behalf of the Defendant, **John Hillman,** and Anthony Fiorello, Esq., appearing on behalf of the Plaintiff, **Janine Hillman,** and the Court having read and considered the Complaint and Counterclaim; and it appearing that Plaintiff and Defendant were married on November 5, 1993, and the parties having pleaded and proved a cause of action for divorce under the statute in such case made and provided, and the parties are bona fide residents of the State of New Jersey for more than one year next preceding the commencement of this action and jurisdiction having been acquired over the parties pursuant to the Rules governing the Courts;

Thereupon, it is on this 14th day of February, 2008, by the Superior Court of New Jersey, Chancery Division, **ORDERED AND ADJUDGED**; and the said Court by virtue of the power and authority of this Court and of the acts of the legislature in such case made and provided does hereby **ORDER AND ADJUDGED** that the said Plaintiff, **Janine Hillman,** and the said Defendant, **John Hillman,** be divorced from the bonds of matrimony for the

causes stated in the Complaint and the Counterclaim and the said parties and each of them be freed and discharged from the obligations thereof; and it is

**FURTHER ORDERED** that the Separation of Property Settlement Agreement last signed on February____, 2008 and annexed hereto as Exhibit J1 is hereby made a part of this Dual Judgment of Divorce and shall not merge with but shall survive this Dual Judgment of Divorce and the parties are hereby directed to comply with the terms of said Agreement and the court finds that it was entered into freely and voluntarily by the parties.

**IT IS FURTHER ORDERED** that the plaintiff resume her maiden name of Janine Marie Chessa born October 25, 1966 and social security ████-██-3411.

**IT IS FURTHER ORDERED**, All issues pleaded or not resolved in this Judgment are hereby abandoned and dismissed with prejudice.

EDWARD V. TORACK, J.S.C.                    J.S.C.

Dated:

I hereby certify that the foregoing is a true copy of the original on file in my office.

Johanna Antonacci

Case Manager - Family Part

ALL ISSUES PLEADED OR NOT
RESOLVED IN THIS JUDGMENT
ARE DEEMED ABANDONED

## PROPERTY SETTLEMENT AGREEMENT

**THIS AGREEMENT** is made on February 14, 2008, by and between **JANINE HILLMAN**, ["**JANINE**"] whose address is 248 Madison Avenue, Township of Wycoff, State of New Jersey, County of Bergen, and State of New Jersey and **JOHN HILLMAN** ["**JOHN**"], whose address is 480 Lafayette Avenue, Township of Wycoff, County of Bergen and State of New Jersey.

## WITNESSETH

**WHEREAS**, the parties were duly married on the 5th day of November, 1993 in, New Jersey; and

**WHEREAS**, there were three children born of the marriage, Rachel V. Hillman, born October 12, 1995, Jessica D. Hillman, born April 10, 1998 and John S. Hillman, born July 7, 2000.

**WHEREAS** certain unhappy and irreconcilable differences have arisen between the parties and

**WHEREAS**, notwithstanding the advice of their attorneys concerning formal discovery, evaluations and appraisals, the parties acknowledge that they have been independently and fully apprised and advised of their respective legal rights, remedies, privileges and obligations arising out of the marriage relationship, or otherwise, counsel and the parties direct their respective attorneys, if so retained to cease proceedings with ongoing formal discovery, evaluations, and appraisals and that they have had discovery, obtained real estate appraisals  and forensic accountant reports to their satisfaction and have consulted their respective economic advisors and are satisfied with the

information received;

WHEREAS, the parties each warrant and represent to the other that they have read this entire agreement and fully understand all the terms, covenants, conditions, provisions, and obligations incumbent upon each of them by virtue of this agreement to be performed or contemplated by each of them and each considers the agreement acceptable under the circumstances;

WHEREAS, it is acknowledged and confirmed by each of the parties that the within agreement has been entered into voluntarily and without duress, coercion, fraud or misrepresentation of any nature;

WHEREAS, the parties desire to make full and adequate provision for the welfare and well-being of themselves, and to settle all questions relating to property legally or beneficially acquired by either of them during the marriage, or either of them prior to the marriage, and to settle all other rights and obligations arising from their marital relationship;

NOW THEREFORE, for the consideration of the mutual promises, covenants and agreements, JANINE and JOHN agree as follows:

## ARTICLE 1

## WAIVER OF DISCOVERY

1.    The Husband and Wife warrant and represent that they are aware that they have the right and opportunity to conduct discovery in this matter by way of the service of interrogatories, the taking of depositions, the service of subpoenas, expert valuations, plus such tools of discovery as may be available to him. Each has and does hereby voluntarily agree to waive their right to conduct any further formal discovery proceedings. They are relying upon the representations made by each other as to their finances as outlined in this Agreement, as well as

his or her own personal knowledge of their financial status, in addition to information gleaned

through discovery, document production, interrogatories, case information statement and expert

reports. The parties have also fully participated in Early Settlement Program and two sessions

with a Court Appointed Mediator.

2.    Both **Husband** and **Wife** do hereby represent that they believe that this

Agreement is fair and equitable given the circumstances. Furthermore, the parties further

acknowledge that, as a result of the aforementioned waiver of continued discovery, their

respective counsel cannot guarantee whether or not within Agreement is fair. The parties,

nonetheless, wish to enter into this Agreement because they believe it represents a fair and

equitable resolution of the issues between them when all circumstances are considered, including

but not limited to the expenses of litigation and the emotional wear and tear that the litigation

would have upon both of them.

3.    This Agreement has been predicated upon the assurances of disclosure of all

pertinent financial information and other information about the parties. Each party warrants and

represents that the financial information and statements he and/or she has supplied to each other

and the Court have been true, accurate and complete as to any interest, direct, indirect or

beneficial that each may have in any asset.

## ARTICLE 2

## CUSTODY / PARENTING TIME

4.    The parties agree to Joint Legal Custody of the three children born of the

marriage, to wit Rachel V. Hillman, born October 12, 1995, Jessica D. Hillman, born April 10,

1998 and John S. Hillman, born July 7, 2000 with the Wife having residential custody of the

minor children. In accordance the definition of "joint custody", each party shall consult with each other in all major decisions affecting the health, education and welfare of the children.

5.    The parties agree that the Husband shall have parenting time with the minor children every other weekend from Friday after school to Monday morning and will spend two evenings every week Husband.

6.    The parties agree that each may take the children on vacation for up to two weeks every year. The parties agree to give at least 30 days notice of vacations with the children. The vacationing party will also provide to the other parent, prior to departure, the address(es), telephone number(s) and itinerary of the trip.

7.    The parties agree to alternate the holidays and the parties further agree that they believe that they can work these holidays between themselves. The parties further agree that they will work out arrangements for the children during their school recesses in December, February and April.

8.    The parties agree, that they will share in significant decision-making concerns of the children, but not limited to, the health, education, religion in general welfare of the children. The parties will share with the other all medical and educational information concerning the children. The parties further agree that at all times they will attempt to work together to make decisions that are in the best interests of their children.

9.    The parties agree that they shall make every effort to foster a close in meaningful relationship between their children and the other parent, encouraging love and affection between their children and the other parent. The parties will conduct themselves in a manner that promotes common courtesy and respect for each parent. The parties agree to keep each other current as to both their address and phone numbers.

10.    The parties agree that this parenting schedule is intended to be flexible, and as such may be modified by consent of both parties.

11.    Both parties are prohibited from either directly or indirectly influencing the children so as to prejudice the children against the other parent. The parties will endeavor to guide the children so as to promote an affectionate relationship between the children and either the Husband or Wife.

12.    The parties shall exert every reasonable effort to maintain free access and unhampered contact between the children and each of the parties.

13.    Each parent is entitled to receive, directly from the source, any and all information relative to the health, education and welfare of the children. Both Husband and Wife shall execute any and all documents necessary to effectuate the intent of this provision.

## ARTICLE 3

## CHILD SUPPORT

14. The Husband will pay ~~directly~~ to the Wife the amount of $20,000 per year per child for a total of $60,000 per year for child support. Husband recognizes that said amount is outside the child support guideline range and Husband has agreed to pay this amount for the Wife agreeing to waive her right in alimony. The Husband is to begin these payments upon the marital home being sold. Until such time the Husband is to continue to comply with the Court Order of October 19, 2007 as defined in the attach order.

*[handwritten: through probation]*    *[handwritten: until emancipation]*

15. The Husband has agreed to maintain medical insurance for the minor children of the marriage as it is made available through his business until the children are emancipated as defined in this Agreement. For the purpose of this Agreement, the term "medical" shall include

but not limited to; dental, hospitalization, psychiatric, orthodontic, prescription drugs and the like. The Wife will be responsible for the first $250 of un-reimbursed medical expenses of the children per year. Thereafter the parties agree that Husband will be responsible for 60% of the un-reimbursed medical costs for the children and the Wife will be responsible for 40% of any un-reimbursed medical expenses for the children. Both parties will fully cooperate with each other to make sure that all claims are processed in a timely manner so that they may determine the un-reimbursed costs and if they are due any reimbursement from the insurance company(ies).

16. Extra Curricular Activities – The parties agree that the Husband will pay 60% and the Wife will pay 40% of all agreed upon summer camps, work related childcare and any other activities the children may participate in and join. Agreement may not be unreasonable withheld by either party

17. For purposes of this Agreement, "emancipation" shall be determined as follows:

(a)    Reaching the age of 18 years or the completion of the child's college or other mutually agreed upon post high school education, (not to exceed 5 years, except if an interruption in the four-year period is due to illness or injury of the child for a period of no more than one year) provided the child enrolls in college or post high school education within one year of the completion of high school, whichever last occurs. The child shall not be considered emancipated under any circumstances until he or she graduates from high school, even though he may obtain the age of 18 prior to high school graduation:

(b)    Marriage (even though such marriage may be void or voidable and despite any annulment thereof);

(c)    Permanent residence away from the residence of the Wife. A residence at boarding school, camp or college, it is not to be deemed a residence away from the residence of

the Wife, and hence such residence at boarding school, camp, or college is not an emancipation event;

> (d)    Death of a child;

> (e)    Entry into the Armed Forces of the United States;

> (f)    Engaging in full time employment, upon and after the attaining by a child of 18 years of age, except and provided that (1) engaging by a child in partial employment shall not be deemed an emancipation event as well as (2) engaging by the child in full time employment during school breaks, vacations and summer periods.

## ARTICLE 4

## PRIVATE SCHOOL AND COLLEGE COSTS

18. The apportionment of any and all higher education expenses for the minor children, including but limited to, tuition, room and board, books, lab fees, miscellaneous fees, and reasonable costs of transportation, shall be shared based upon the parties respective abilities to pay at the time the child attends school together with the utilization of any college cost monies saved for the children.

19. The parties agree that they shall each consult with each other and the children regarding the children's choice of school. Both parties and the children will agree on a school and consent with respect to the choice of school shall not be unreasonably withheld with the specific understanding that the parties' joint financial circumstances may ultimately dictate the choice of school.

20. Both parties will fully cooperate with each other and both children to obtain any and all available grants, loans, scholarships, etc., in order to help defray the costs of said higher education. It is agreed that any and all loans received by either child to defray the cost of tuition

and the like, shall be the responsibility of that child. Neither party shall be obligated to assist either child with the payment of his loan(s).

## ARTICLE 5

## EQUITABLE DISTRIBUTION

21.    **Marital Residence.** The parties agree that the property located at 248 Madison Avenue, Township of Wycoff, County of Bergen, New Jersey (the" Marital Residence") is owned by the parties as joint tenants. The property is to be immediately listed for sale and that the parties agree to have the realtor set the price. The parties will also accept all reasonable offers for the property. The parties will share the net proceeds from the sale of the property equally. Until the sale of the property the Wife shall have exclusive possession of the marital residence and the Husband will continue to comply with the October 19, 2007 Order has been previously attached hereto for reference.

**Shore Residence** – The parties agree that the property located at 235 5th Street, Brigantine, New Jersey is deeded in the Wife's name only. The property is to be immediately listed for sale and that the parties agree that the realtor set the price. The parties will accept all reasonable offers for the property. The parties will share the net proceeds from the sale of the property equally.

**Hillman Corporation** – Husband will pay Wife the amount of $35,000 for her interest in the business from his share of the equity of the first home that sells. Husband will indemnify Wife for all liabilities associated with the business, including, but not limited to the line of credit in the current amount of $47,000.

22.        Bank Accounts – The parties will divide any and all joint bank accounts equally.

23.    Pensions, IRA's, 401k's, Thrift Plans, etc. – The Husband has certain pensions and annuities through the New Jersey Carpenter's Union.  The Wife is entitled to one half of the marital portion either by QDRO or roll over.

24.    Life Insurance – The parties agree that there are two Met Life whole policies, one in the Wife's name with a cash surrender value of $1600 and one in the Husband's name with a cash surrender value of $5,184.  Husband will pay wife $1792 from his share of the first house to sell to offset each parties values.

Husband will maintain a $1,000,000 policy for the benefit of the children naming the Wife as trustee of $500,000 and Husband will name his brother as trustee of the remaining $500,000.   If Wife wants to maintain her policy of $250,000 she will name Husband as Trustee for the children.

25.    Vehicles – The Husband agrees to make the lease payments for Wife's automobile until it is finished but Wife will be solely liable for her own insurance, gas and the maintenance of the car, until than, the Husband will be responsible pursuant to the October 19, 2007 Order.  Wife will also be responsible for any damage to the car or mileage overage when she returns it at the end of the lease.  Wife is solely liable for her own car payments once the current lease expires.

26.    Personal Property – The parties agree that the Wife will keep the children's furniture and that the parties will sell the Bedroom and Dining Room sets and divide the net proceeds equally.  The remaining furnishings shall remain with the Wife, except for any of Husband's personal effects and items. The parties agree that each shall be the sole owner of all other **personal** property in their respective names.

Jewelry – The parties each agree to keep the respective jewelry each has in their respective possession at this time. Wife agrees that she will give each daughter one of her rings when each is old enough.

27.    Any and all other personal property not specifically mentioned in this Agreement, which is presently in the possession, ownership, or name of the respective parties as of the date hereof, will remain in their individual possession and ownership and shall include, but not be limited to, personal possessions, pension or profit sharing benefits, bank accounts, stocks, bonds, jewelry and other such property. Any stocks, bonds, or other investments or checking accounts or savings account jointly held by the parties as of the date hereof shall be the property of the person holding same.

## ARTICLE 6

## SUPPORT AND MAINTENANCE

28. Alimony – In lieu of alimony the Husband has agreed to pay the Wife $60,000 per year in child support, that it may not be reduced or otherwise altered until the oldest child goes away to college.

29.Medical Insurance – Each party will be responsible for their own medical insurance coverage except as herein provided for the children.

## ARTICLE 7

## DEBTS AND OBLIGATIONS

30. Credit Card Debt - The parties agree that the personal credit card debt being the Discover Card and Mastercard will be paid from the proceeds of the first property that sells. As to the PC Richard credit card the parties agree that any items in the outstanding bill that was used

for marital purposes will be deemed joint and will be paid from the said sale. Until the one of the properties is sold Husband will continue payment of those debts. Husband acknowledges that within the joint debt is the court order attorney's fees Husband was to pay in the amount of $3,000 and will give credit to the Wife in the payment of said debts, as his sole obligation.

31.    Other Debt – Any business debt as the debt owed to Husband's brother in the amount of $25,000 will be the sole responsibility of the Husband.

32.    Each party shall be responsible for their own credit card/charge accounts, loans and/or other obligations incurred on their own respective behalf without contribution from the other from the date of the Judgment of Divorce. Each party shall indemnify and hold each other harmless with respect to their own debts and/or liabilities incurred in their own respective names.

33.    Except as otherwise provide for herein, the parties represent and agree that neither has incurred nor shall incur any debt, or made or entered into any transaction that has or will bind the other directly or indirectly. Each party agrees to hold the other harmless and to indemnify the other against the payment of any monies and obligations or expenses in connection therewith which the party shall be obligated to pay to third parties by virtue of any party's failure to comply with the terms of this agreement.

**THIS AGREEMENT SHALL CONSTITUTE A BILL OF SALE FOR SUCH ITEMS.**

## ARTICLE 8

## INCOME TAXES

34.    The parties will file a joint tax return for the year 2007. If any taxes are owed they are to be paid by the Husband. Thereafter the parties are to file separate tax return.

35.    Tax Exemptions – In 2008 and thereafter Husband will claim Jessica while Wife

will claim John for tax purposes. The parties will alternate claiming Rachel for tax purposes with the Wife claiming her in even years tax years and Husband claiming her in odd tax years.

## ARTICLE 9

### ADVICE OF COUNSEL

36.    **John** respectfully acknowledges that he has a right to seek independent legal counsel of his own choice, that he fully understands the facts, that he has been informed as to his legal rights to seek such representations, and with such knowledge, he is signing this agreement freely and voluntarily. **John** fully understands the facts and has been fully informed and advised as to his rights, obligations, and liabilities; that ample time has been afforded to his for full and complete discovery and consultation with such knowledge he fully understands those rights, obligations, and liabilities as well as all of terms of this Agreement and agrees that the terms are fair, just, and reasonable, and that he is executing the same freely and voluntarily.

37.    **Janine** respectfully acknowledges that she has had independent legal counsel of her own choice, that she fully understands the facts, that he has been fully informed as to her legal rights and obligations, and that having such advice, and with such knowledge, she is signing this agreement freely and voluntarily. **Janine** fully understands the facts and has been fully informed and advised as to her legal rights, obligations, and liabilities; that ample time has been afforded to her for full and complete discovery and consultation with such knowledge she fully understands those rights, obligations, and liabilities as well as all of terms of this Agreement and agrees that the terms are fair, just, and reasonable, and that she is executing the same freely and voluntarily.

38.    **Each party shall be responsible for his/her counsel fees.**

39.    The parties will be equally responsible for all mediator costs.

## ARTICLE 10

## MISCELLANEOUS

40.    Nothing herein contained shall be construed to prevent either party from commencing, defending, or pursuing any action for divorce.  This Agreement shall be offered in evidence at such action, and, if acceptable to the Court, shall be incorporated by reference in the Judgment that may be granted therein.  Notwithstanding such incorporation, this Agreement shall not be merged in the Judgment but shall survive same, and shall be binding and conclusive upon the parties for all times.

41.    Except as otherwise herein expressly provided, the parties shall and do hereby mutually remise, release and forever discharge each other from any and all suits, actions, debts, claims, demands, and obligations whatsoever, both in law and in equity, which either of them ever had, now has, or may hereafter have against the other upon or by reason of any matter, cause or thing up to the date of the execution of this Agreement.

42.    Except as herein otherwise provided, each party hereby waives and relinquishes any and all rights he or she may now have or hereafter acquire under the present or future laws of any jurisdiction, to share in the property or in the estate of the other as dower, courtesy, right to equitable distribution under N.J.S.A. 2A:34-23, statutory allowance, right to take against the will of the other, and right to act as administrator or executor of the other's estate, and each party will, at the request of the other, execute, acknowledge and deliver any and all instruments that may be necessary or relinquishment of any such interests, rights and claims.

43.    Subject to the provisions of this Agreement, the parties in any way dispose of his or her property of whatsoever nature, real or personal, and the parties hereto, each for himself and

herself, respectively and for their respective heirs, legal representatives, executors, administrators

and assigns, hereby waives any right of election which her or she may have hereafter acquire

regarding the estate of the other, or to take against any Last Will and Testament of the other,

whether heretofore or hereafter executed, as may now or hereafter be provided for in law of the

State of New Jersey or any other State or Territory of the United States or any foreign country,

and renounce and release all interest, right or claim of dower, courtesy, or otherwise, that he or

she now has or might otherwise have against the other under or by virtue of the law of any state

or country, and each will at the request of the other or of his legal representatives, executors,

administrators, and assigns, execute, acknowledge, and deliver any and all debts, releases, or

other instruments necessary to bar, release or extinguish such interests, rights, and claims or

which may be needful for the proper carrying into effect of any of the provisions of the

Agreement.  Nothing herein contained shall prevent either party

from receiving any gift, or devise under the Last Will and Testament of the other, or from acting

as executor of the other's Last Will and Testament if so designated in the said Last Will and

Testament.

44.     Both the legal and practical effect of this Agreement in each and every respect and

the financial status of the parties has been fully explained to both parties by their respective

counsel, and they both acknowledge that it is a fair Agreement and is not the result of any fraud,

duress, or undue influence exercised by either party over the other or by any other person or

persons upon either, and they further agree that the Agreement contains the entire understanding

of the parties.  There are no representations, promises, warrants, covenants or undertaking than

those expressly set forth herein.

45.     Each of the parties will, from time to time, at the request of the other, execute,

acknowledge and deliver to the other party, any and all further instruments that may be reasonably required to give full force and effect to any and all provisions of this Agreement.

46.    **JANINE** and **JOHN** have carefully read and both understand this Agreement, and both warrant and represent that it is fair and equitable to each.

47.    In the event that any of the provisions of this agreement will be held to be invalid or unenforceable by any Court of jurisdiction, all other provisions of this agreement will nevertheless continue in full force and effect.

48.    This agreement contains the entire understanding of the parties and there are no representations, warranties, covenants or undertakings other that those expressly set forth herein.

1    49.    This Agreement shall not be varied, modified, or annulled by **JANINE** or **JOHN** except by written instrument executed and acknowledged by both.  The failure of either party to this Agreement to insist on strict performance of any provisions of this Agreement by the other party shall not be deemed a waiver of his or her rights to insist upon the strict performance of such provisions or of this Agreement at any time hereafter.

50.    Neither **JANINE** nor **JOHN** shall make request or make demands on the other (except for the other's performance of such obligations) nor shall either molest, annoy, or trouble the other; nor shall either of them compel or attempt to compel the other directly or indirectly to cohabit with him or her by any means whatsoever.

51.    Each party covenants with and represents to the other that he or she has made full and fair disclosure of all property owned or believed to be owned by him or her and has fairly and reasonably stated the value of each property interest.

52.    Each party shall retain, have and enjoy independently of any claim, right, or demand of the party, all property of any kind, nature, and description wheresoever situated,

which is hereafter acquired by JANINE or JOHN or shall stand in his or her name.

**IN WITNESS WHEREOF**, the parties have signed, sealed, delivered and acknowledged

this Agreement on the day and year first above written.

**WITNESS**

_____                    _____
                                            **Janine Hillman**

_____                    _____
                                            **John Hillman**

BE IT REMEMBERED, that on this ___14___ day of ___Feb___, 2008 before me, the subscriber, **John Hillman**, personally appeared who, I am satisfied, is the person mentioned in the within instrument and thereupon she acknowledged that she signed, sealed and delivered the same as her act and deed for the above uses and purposes therein expressed.

_____
MICHAEL E. DAMICO, ESQ.

BE IT REMEMBERED, that on this ___14___ day of ___Feb___, 2008 before me, the subscriber, **Janine Hillman**, personally appeared who, I am satisfied, is the person mentioned in the within instrument and thereupon she acknowledged that she signed, sealed and delivered the same as her act and deed for the above uses and purposes therein expressed.

_____
ANTHONY FIORELLO, ESQ.

# EXHIBIT "B"

# ANTHONY FIORELLO

ATTORNEY AT LAW
16 FURLER STREET
P.O. BOX 285
TOTOWA, NEW JERSEY 07511-0285

MARIA A. GIAMMONA

(973) 890-5800
FAX (973) 890-9279

January 27, 2008

Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 Plaza West One
Saddle Brook, New Jersey 07663
Attention: Mary Ann Stokes, Esq.

    Re: Hillman v. Hillman
       Your File No. 34650-594

Dear Ms. Stokes:

We had a productive mediation with you in the above matter on January 11, 2008. We are scheduled, to appear before you on Tuesday, February 5, 2008 at 9:00am. I wish to present a modification of my client's position in this matter based upon the following facts. My client wanted the shore house in Brigantine to be sold. It was clearly a marital asset, albeit title was in Mrs. Hillman's name. You will recall a large mortgage was taken out on the marital home to assist in generating the acquisition costs. The actual mortgage on the shore house was, in the amount of $360,000.00 with a home equity of $17,500.00 or a total of $377,500.00. In August 2007, Mrs. Hillman approached the realtor who assisted them in buying the house to get a feel for its fair market value. The realtor opined that it was between $499,000.00 and $515,000.00. See copy of letter annexed. Mrs. Hillman filed an application with the Court, immediately thereafter returnable September 7, 2007. There were cross motions and supplemental certifications filed. In her motion, Mrs. Hillman requested the Court to compel the sale of the Brigantine property, as it was a significant drain on the family finances and certainly no longer necessary in the context of the pending divorce. The Court in its Order of October 19, 2007 denied Mrs. Hillman's application to list the vacation home for sale. See copy of Order annexed hereto. The defendant argued that the property not be sold; his position at that time being that he wanted it. It was believed that, this was a negotiating ploy but certainly, he took a position of not having the house sold when it had a value as indicated. Mrs. Hillman now advises that she has contacted the realtor in light of our discussions and ascertained that the property, should be marketed at $450,000.00 with an expectation of selling at about $400,000.00. It is unfair the defendant's trial tactics in refusing to sell the home during the summer, when the value was significantly higher. It would have produced for Mrs. Hillman an expected equity of $50,000.00. She will no longer receive it and needed that money as seed money to purchase a new home for the family once the marital home is sold which the parties have agreed to do. She therefore seeks additional credit from the sale of $50,000.00 from the sale of the marital home or in

the alternative $15,000.00, more per year on account of child support for a three-year period to make up the difference. This will in some measure, place the blame for the defendant's intransigence where it belongs. In addition, since the home is in Mrs. Hillman's name as is the mortgage her credit has been impaired since Mr. Hillman has not paid the mortgage for the past three months. Mrs. Hillman has received default notices from the mortgagee, copy annexed hereto. Because of this deficiency, the bank has advised that she has been reported to the credit bureau which will certainly inhibit her ability to obtain mortgage financing for the purchase of a home after her divorce. As the notice indicates, if the payment is not made by January 31, the mortgage will be in pre-foreclosure status. Of course, the Courts Order, which is annexed, requires Mr. Hillman to pay the schedule "A" & "B" expenses, which included this mortgage.

 In addition, to the above your analysis with respect to the business includes a $46,000.00 line of credit and business credit cards of $23,000.00. Mr. Chait was knowledgeable of both of these, as he had not only the certifications of the parties and their motions but also their Case Information Statements and in particular the business checking account which shows the kind of credit being accessed by the defendant. The motion filed by the plaintiff returnable in September, 2007 requested that defendant be enjoined from accessing the line of credit at Valley National Bank and not to take any further loans against it. On January 31, 2007 the loan balance was $5,237.51. Notwithstanding, the request to preclude any further access, the defendant has now maxed out the account to $50,000.00. Hence, it would be unfair to charge the plaintiff with this expenditure after the Complaint was filed. Moreover, Judge Torack indicated on the record, that the plaintiff would not be chargeable with this debt after the filing of the Complaint. For that reason, we would assert that figure not be included or deducted from the value of the business.

I trust this information will be of help to you and hopefully bring the parties to agreement.

I have just been advised by Mrs. Hillman, that the defendant is not paying the $200,000.00 mortgage on the marital home. Again the defendant is defying the Court Order by not paying Schedule "A" and "B" expenses. This mortgage is also in the name of Mrs. Hillman and further disparages her credit. See copy annexed.

Very truly yours,


ANTHONY FIORELLO


AFnlr
Enc.
Cc: Michael E. Damico, Esq.
Mrs. Hillman


2

# EXHIBIT "C"

B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>**District of New Jersey** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Hillman, John R.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-4472** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**407 North 4th Avenue**<br>**Hawthorne, NJ**<br>ZIP Code **07506** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Passaic** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7          ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 9                of a Foreign Main Proceeding<br>☐ Chapter 11<br>☐ Chapter 12        ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 13              of a Foreign Nonmain Proceeding |

| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>■ Debts are primarily consumer debts,     ☐ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as          business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." |
|---|---|---|

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(4/10)                                                                                                          Page 2

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **Hillman, John R.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location <br> Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location <br> Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: <br> **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** <br><br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). <br><br> X  **/s/ Russell L. Low** _____ <br>      Signature of Attorney for Debtor(s)        (Date) <br>      **Russell L. Low 4745** |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? <br><br> ☐ Yes, and Exhibit C is attached and made a part of this petition. <br> ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) <br><br> ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition. <br><br> If this is a joint petition: <br><br> ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** <br> (Check any applicable box) |
|---|
| ■     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. <br><br> ☐     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. <br><br> ☐     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** <br> (Check all applicable boxes) |
|---|
| ☐     Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) <br><br>      _____ <br>      (Name of landlord that obtained judgment) <br><br><br>      _____ <br>      (Address of landlord) <br><br> ☐     Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and <br><br> ☐     Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. <br><br> ☐     Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(4/10)
Page 3

| Voluntary Petition | Name of Debtor(s): |
| --- | --- |
| *(This page must be completed and filed in every case)* | **Hillman, John R.** |

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **/s/ John R. Hillman**
Signature of Debtor **John R. Hillman**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

X  **/s/ Russell L. Low**
Signature of Attorney for Debtor(s)

 **Russell L. Low 4745**
Printed Name of Attorney for Debtor(s)

 **Low and Low**
Firm Name

 **505 Main Street**
 **Hackensack, NJ 07601**

_____
Address

Email: **Rbear611@AOL.com**
 **201-343-4040  Fax: 201-488-5788**
Telephone Number

_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## District of New Jersey

In re   John R. Hillman                                        Case No.   __10-46266__

                                   Debtor(s)           Chapter    __7__

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☐ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

■ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                    Page 2

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ John R. Hillman**
                        **John R. Hillman**

Date:    _____

B6 Summary (Official Form 6 – Summary) (12/07)

# United States Bankruptcy Court
## District of New Jersey

In re    **John R. Hillman**                             Case No.    **10-46266**

                                 Debtor

                                            Chapter           **7**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A,
B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.
Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must
also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 8,551.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 35,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 7 | | 130,423.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 5,183.33 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 7,416.33 |
| Total Number of Sheets of ALL Schedules | | 20 | | | |
| Total Assets | | | 8,551.00 | | |
| Total Liabilities | | | | 165,423.00 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## District of New Jersey

In re    John R. Hillman

Debtor

Case No. __10-46266__

Chapter __7__

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 35,000.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 35,000.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 5,183.33 |
| Average Expenses (from Schedule J, Line 18) | 7,416.33 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 5,183.33 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 35,000.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 130,423.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 130,423.00 |

B6A (Official Form 6A) (12/07)

In re    **John R. Hillman**                                                    Case No.    **10-46266**
_____                              _____
                                      Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | |
|---|---|---|
| Sub-Total > | 0.00 | (Total of this page) |
| Total > | 0.00 | |
| | (Report also on Summary of Schedules) | |

__**0**__    continuation sheets attached to the Schedule of Real Property

B6B (Official Form 6B) (12/07)

In re  **John R. Hillman**                                                                Case No.    **10-46266**

                                              Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash on Hand** | - | 50.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Business Bank**<br>**TD Bank**<br>**Glenrock, NJ** | - | 100.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Household Goods & Furnishings** | - | 2,100.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | | **Used Clothes** | - | 600.00 |
| 7. | Furs and jewelry. | | **Jewelry** | - | 200.00 |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

|  | Sub-Total ><br>(Total of this page) | 3,050.00 |
|---|---|---|

  **2**   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **John R. Hillman**                                              Case No. ____**10-46266**_____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **JHL Construction - Construction Started: June 21, 2010 - no activity in over 6 months doing odds jobs for different construction companies** | - | 1.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

                                                              Sub-Total >            1.00
                                                      (Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **John R. Hillman**                                          Case No. ___**10-46266**_____
                                                  ,
                              Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1998 Ford F150** | - | 2,500.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | **Misc Equipment Used in Business** | - | 3,000.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >  5,500.00
(Total of this page)
Total >  8,551.00

Sheet **2** of **2** continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                  Best Case Bankruptcy

B6C (Official Form 6C) (4/10)

In re  **John R. Hillman**                                         Case No.  **10-46266**
                                                    _____

                                    Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                             $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                      *with respect to cases commenced on or after the date of adjustment.)*
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand**<br>Cash on Hand | 11 U.S.C. § 522(d)(5) | 50.00 | 50.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit**<br>Business Bank<br>TD Bank<br>Glenrock, NJ | 11 U.S.C. § 522(d)(5) | 100.00 | 100.00 |
| **Household Goods and Furnishings**<br>Household Goods & Furnishings | 11 U.S.C. § 522(d)(3) | 2,100.00 | 2,100.00 |
| **Wearing Apparel**<br>Used Clothes | 11 U.S.C. § 522(d)(5) | 600.00 | 600.00 |
| **Furs and Jewelry**<br>Jewelry | 11 U.S.C. § 522(d)(4) | 200.00 | 200.00 |
| **Stock and Interests in Businesses**<br>JHL Construction - Construction<br>Started: June 21, 2010 - no activity in over 6<br>months doing odds jobs for different<br>construction companies | 11 U.S.C. § 522(d)(5) | 1.00 | 1.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles**<br>1998 Ford F150 | 11 U.S.C. § 522(d)(2) | 2,500.00 | 2,500.00 |
| **Machinery, Fixtures, Equipment and Supplies Used in Business**<br>Misc Equipment Used in Business | 11 U.S.C. § 522(d)(5) | 3,000.00 | 3,000.00 |

| | Total: | 8,551.00 | 8,551.00 |
|---|---|---|---|

___0___  continuation sheets attached to Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re    **John R. Hillman** _____    Case No.    **10-46266** _____
                                        Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

**0**   continuation sheets attached

| | Subtotal (Total of this page) | | |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 0.00 | 0.00 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B6E (Official Form 6E) (4/10)

In re    **John R. Hillman**                                                                    Case No.    **10-46266**
                                                    ,
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

■ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_1_____ continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re   **John R. Hillman**                                                    Case No.   **10-46266**
                          Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Domestic Support Obligations**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. |  |  | Child Support |  |  |  |  |  |
| **Janine Shessa** **31 Christpher Street** **Ramsey, NJ 07446** |  | - |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  | 35,000.00 | 35,000.00 |
| Account No. |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
| Account No. |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
| Account No. |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
| Account No. |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |

Sheet **1** of **1** continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

|  | Subtotal (Total of this page) | 0.00 |
|---|---|---|
|  |  | 35,000.00 | 35,000.00 |
|  | Total (Report on Summary of Schedules) | 0.00 |
|  |  | 35,000.00 | 35,000.00 |

B6F (Official Form 6F) (12/07)

In re    **John R. Hillman**                                                    Case No.    **10-46266**
                                      _____
                                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. 3499915500938923<br><br>**American Express**<br>**c/o Becket and Lee LLP**<br>**Po Box 3001**<br>**Malvern, PA 19355** | - | | | | **Opened 3/01/08  Last Active 1/06/09**<br>**CreditCard** | | | | 0.00 |
| Account No. 037741042002359143<br><br>**Amex**<br>**c/o Beckett & Lee**<br>**Po Box 3001**<br>**Malvern, PA 19355** | - | | | | **Opened 11/01/95  Last Active 5/01/05**<br>**CreditCard** | | | | 0.00 |
| Account No. 5148870002<br><br>**Barclays Bank Delaware**<br>**Attention:  Customer Support**<br>**Department**<br>**Po Box 8833**<br>**Wilmington, DE 19899** | - | | | | **Opened 6/01/07  Last Active 5/27/10**<br>**CreditCard** | | | | 5,603.00 |
| Account No. 0039859<br><br>**Bergen Family Center**<br>**10 Banta Place**<br>**Hackensack, NJ 07601** | - | | | | **Medical Bill** | | | | 1,833.00 |
| **6**   continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | | | 7,436.00 |

B6F (Official Form 6F) (12/07) - Cont.

In re    John R. Hillman                                      Case No. ___10-46266___
_____
                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 74882<br><br>Bon Venture<br>ATTN: Commerical Recovery Group, Inc.<br>1012 State College Road<br>Dover, DE 19904 | - | | Debt | | | | 336.00 |
| Account No. 542418052974<br><br>Citibank Sd, Na<br>Attn: Centralized Bankruptcy<br>Po Box 20507<br>Kansas City, MO 64195 | - | | Opened 3/01/95 Last Active 12/01/04<br>CreditCard | | | | 0.00 |
| Account No. 6035320134667094<br><br>Citibank Usa<br>Attn.: Centralized Bankruptcy<br>Po Box 20363<br>Kansas City, MO 64195 | - | | Opened 5/01/92 Last Active 11/30/09<br>ChargeAccount | | | | 18,910.00 |
| Account No.<br><br>Damiano Law Offices<br>51 East Main Street<br>Little Falls, NJ 07424 | - | | Debt | | | | 12,448.00 |
| Account No. 601100150266<br><br>Discover Fin<br>Attention: Bankruptcy Department<br>Po Box 3025<br>New Albany, OH 43054 | - | | Opened 8/01/07 Last Active 4/26/10<br>CreditCard | | | | 6,958.00 |

Sheet no. __1__ of __6__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    38,652.00

B6F (Official Form 6F) (12/07) - Cont.

In re   John R. Hillman                                      Case No.   10-46266
                           Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 601100196025<br><br>Discover Fin<br>Attention: Bankruptcy Department<br>Po Box 3025<br>New Albany, OH 43054 | - | | Opened 2/07/02 Last Active 11/01/07<br>CreditCard | | | | Unknown |
| Account No. 7187859110071783005<br><br>Exxon<br>PO Box 105980<br>Atlanta, GA 30348 | - | | Credit Card | | | | 1,494.00 |
| Account No. 49140803<br><br>Ford Motor Credit Company<br>PO Box 6508<br>Mesa, AZ 85216 | - | | Repo | | | | 1,377.00 |
| Account No. 17801490<br><br>Ford Motor Credit Corporation<br>National Bankruptcy Center<br>Po Box 6275<br>Dearborn, MI 48121 | - | | Opened 8/01/98 Last Active 8/01/03<br>Automobile | | | | 0.00 |
| Account No. BNN262JQR0<br><br>Ford Motor Credit Corporation<br>National Bankruptcy Center<br>Po Box 6275<br>Dearborn, MI 48121 | - | | Opened 2/01/99 Last Active 2/01/02<br>Lease | | | | 0.00 |

Sheet no. 2 of 6 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)   2,871.00

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re     John R. Hillman                                          Case No.    10-46266
_____                         _____
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. 601859610302  GEMB / Old Navy  Attention: Bankruptcy  Po Box 103104  Roswell, GA 30076 | | - | | | Opened 3/01/03  Last Active 8/05/03  ChargeAccount | | | | 0.00 |
| Account No. 601917032365  Gemb/pc Richard  Po Box 981439  El Paso, TX 79998 | | - | | | Opened 10/01/05  Last Active 10/20/09  ChargeAccount | | | | 3,645.00 |
| Account No. 601917032629  Gemb/pc Richard  Po Box 981439  El Paso, TX 79998 | | - | | | Opened 12/06/06  Last Active 3/09/07  ChargeAccount | | | | 0.00 |
| Account No. 601917031240  Gemb/pc Richards  Attention: Bankruptcy  Po Box 103104  Roswell, GA 30076 | | - | | | Opened 9/29/03  Last Active 6/29/04  ChargeAccount | | | | 0.00 |
| Account No. 020908540315  GMAC  Po Box 130424  Roseville, MN 55113 | | - | | | Opened 12/03/05  Last Active 6/05/09  AutoLease | | | | 786.00 |

Sheet no.   3   of   6   sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                        4,431.00

B6F (Official Form 6F) (12/07) - Cont.

In re    John R. Hillman                                    Case No.    10-46266
_____
                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. DC-007562-10 | | | Credit Card | | | | |
| Home Supply And Lumber ATTN: Fein, Such, Kahn & Shepard 7 Century Drive Parsippany, NJ 07054 | - | | | | | | 4,528.00 |
| Account No. 798192431289 | | | Opened 3/10/08 Last Active 12/04/08 ChargeAccount | | | | |
| Lowes / MBGA Attention: Bankruptcy Department Po Box 103104 Roswell, GA 30076 | - | | | | | | 0.00 |
| Account No. 4305397049520 | | | Opened 10/01/08 Last Active 11/10/08 ChargeAccount | | | | |
| Macys/fdsb Macy's Bankruptcy Po Box 8053 Mason, OH 45040 | - | | | | | | 0.00 |
| Account No. 822530598 | | | Debt | | | | |
| NCR - ERecovery PO Box 4219 Columbus, GA 31914 | - | | | | | | 2,035.00 |
| Account No. DC-01969808 | | | Contract | | | | |
| PRF 1740 Oak Lakes Sarasota, FL 34232 | - | | | | | | 11,723.00 |

Sheet no. __4__ of __6__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          18,286.00

B6F (Official Form 6F) (12/07) - Cont.

In re    John R. Hillman                                           Case No.    10-46266
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **1240**<br><br>Sears<br>PO Box 6189<br>Sioux Falls, SD 57117 | - | | | Credit Card | | | | 193.00 |
| Account No. **01101410076**<br><br>Starlite Recovery Centre<br>ATTN: Sarma Collections Inc<br>1801 Broadway<br>San Antonio, TX 78215 | - | | | Debt | | | | 4,175.00 |
| Account No. **D725213N1**<br><br>Summit Collection Svcs<br>50 N Franklin Tpke<br>Ho Ho Kus, NJ 07423 | - | | | Opened  2/01/10<br>CollectionAttorney Urology Specialty Care | | | | 3,369.00 |
| Account No. **30000003452402282**<br><br>Td Bank N.a.<br>1100 Lake St<br>Ramsey, NJ 07446 | - | | | Opened 11/01/06 Last Active  8/03/09<br>CheckCreditOrLineOfCredit | | | | Unknown |
| Account No. **32438-0027742480**<br><br>Transworld Systems Inc.<br>3454 Oak Alley Court<br>Suite 501<br>Toledo, OH 43606 | - | | | Debt | | | | 1,010.00 |

Sheet no. __5__ of __6__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **8,747.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    John R. Hillman                                      Case No.    10-46266
                                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. 51009903  Valley National Bank 1460 Valley Rd Wayne, NJ 07470 | - | | | Opened 2/01/02 Last Active 4/01/05 Automobile | | | | 0.00 |
| Account No. 315-095-679  Valley National Bank- Kenneth Lowell Ros 350 Rock Avenue Plainfield, NJ 07060 | - | | | Loan | | | | 50,000.00 |
| Account No. 110140308512240  Wffinancial 800 Walnut St Des Moines, IA 50309 | - | | | Opened 10/01/03 Last Active 9/17/04 ChargeAccount | | | | 0.00 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet no. __6__ of __6__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | 50,000.00 |
| Total (Report on Summary of Schedules) | 130,423.00 |

B6G (Official Form 6G) (12/07)

In re    **John R. Hillman**                                        Case No.    **10-46266**
                                          Debtor

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re    **John R. Hillman**                                                      Case No. ___**10-46266**___
                                        ,
                              Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

0
___ continuation sheets attached to Schedule of Codebtors

B6I (Official Form 6I) (12/07)

In re   __John R. Hillman__                                              Case No.   __10-46266__
                                   Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Separated** | RELATIONSHIP(S):<br>**Son<br>Daughter<br>Daughter** | AGE(S):<br>**10 Years<br>13 Years<br>15 Years** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Construction** | |
| Name of Employer | **Odd Jobs on and off work** | |
| How long employed | **7 Months** | |
| Address of Employer | **407 North 4th Avenue<br>Hawthorne, NJ 07506** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 3,683.33 | $ | N/A |
| 2. Estimate monthly overtime | $ | 0.00 | $ | N/A |
| 3. SUBTOTAL | $ | 3,683.33 | $ | N/A |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a. Payroll taxes and social security | $ | 0.00 | $ | N/A |
|     b. Insurance | $ | 0.00 | $ | N/A |
|     c. Union dues | $ | 0.00 | $ | N/A |
|     d. Other (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 3,683.33 | $ | N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | N/A |
| 8. Income from real property | $ | 0.00 | $ | N/A |
| 9. Interest and dividends | $ | 0.00 | $ | N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | N/A |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 12. Pension or retirement income | $ | 0.00 | $ | N/A |
| 13. Other monthly income (Specify):   **Help from family** | $ | 1,500.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 1,500.00 | $ | N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 5,183.33 | $ | N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | | 5,183.33 |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re  **John R. Hillman**  _____     Case No.  **10-46266**  _____

                                   Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 850.00 |
|    a. Are real estate taxes included?  Yes ___  No **X** | | |
|    b. Is property insurance included?  Yes ___  No **X** | | |
| 2. Utilities:  a. Electricity and heating fuel | | $ 180.00 |
|             b. Water and sewer | | $ 0.00 |
|             c. Telephone | | $ 0.00 |
|             d. Other  **See Detailed Expense Attachment** | | $ 235.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 0.00 |
| 4. Food | | $ 350.00 |
| 5. Clothing | | $ 50.00 |
| 6. Laundry and dry cleaning | | $ 50.00 |
| 7. Medical and dental expenses | | $ 100.00 |
| 8. Transportation (not including car payments) | | $ 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 25.00 |
| 10. Charitable contributions | | $ 50.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|       a. Homeowner's or renter's | | $ 0.00 |
|       b. Life | | $ 0.00 |
|       c. Health | | $ 0.00 |
|       d. Auto | | $ 150.00 |
|       e. Other ___ | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|      (Specify) ___ | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|       a. Auto | | $ 0.00 |
|       b. Other ___ | | $ 0.00 |
|       c. Other ___ | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 4,996.33 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other  **Personal care** | | $ 80.00 |
|    Other  **Auto Maintenance** | | $ 100.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 7,416.33 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ 5,183.33 |
| b. | Average monthly expenses from Line 18 above | $ 7,416.33 |
| c. | Monthly net income (a. minus b.) | $ -2,233.00 |

B6J (Official Form 6J) (12/07)

In re __John R. Hillman__                              Case No. __10-46266__

                       Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---:|
| Cable | $ | 160.00 |
| Cellular Phone | $ | 75.00 |
| **Total Other Utility Expenditures** | $ | 235.00 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
### District of New Jersey

In re __John R. Hillman__                                                      Case No. __10-46266__

                                          Debtor(s)                          Chapter   __7__

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __22__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____        Signature   __/s/ John R. Hillman_____
                                                          __John R. Hillman__
                                                          Debtor

*Penalty for making a false statement or concealing property:*   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                      Best Case Bankruptcy

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## District of New Jersey

In re    <u>John R. Hillman</u>                                                  Case No.    <u>10-46266</u>

                                              Debtor(s)         Chapter         <u>7</u>

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$41,012.00** | **2009 Debtor's Income:** |
| **$36,833.30** | **2010 Debtor's Income:** |

---

**2. Income other than from employment or operation of business**

None
■
State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                      SOURCE

2

**3. Payments to creditors**

None    *Complete a. or b., as appropriate, and c.*
■

    a.    *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None    b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days**
■    immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None    c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of
■    creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of
■    this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately
■    preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or
■    returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

## 6. Assignments and receiverships

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

## 7. Gifts

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

## 8. Losses

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

## 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Low and Low** **505 Main Street** **Hackensack, NJ 07601** | | **$275.00** |

## 10. Other transfers

None
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

4

None
■
b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

## 11. Closed financial accounts

None
■
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

## 12. Safe deposit boxes

None
■
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

## 13. Setoffs

None
■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

## 14. Property held for another person

None
■
List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

## 15. Prior address of debtor

None
■
If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

## 16. Spouses and Former Spouses

None
■
If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

5

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
☐    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **JLH Construction** | **04-3626324** | **407 North 4th Avenue Hawthorne, NJ 07506** | **Construction** | **Started: June 21, 2010 -  no activity** |
| **Hillman Construction Inc** | **04-3626324** | **248 Madison Avenue Wyckoff, NJ 07481** | **Construction - No Income** | **Started: 1993 - No activity for over six months** |

Case 11-01230-RG    Doc 4-1    Filed 03/16/11    Entered 03/21/11 15:35:26    Desc
Motion with Redacted Social Security Number    Page 68 of 120

6

None ■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None ■    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                    DATES SERVICES RENDERED

None ■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                        ADDRESS                DATES SERVICES RENDERED

None ■    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                    ADDRESS

None ■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                            DATE ISSUED

### 20. Inventories

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY            INVENTORY SUPERVISOR        DOLLAR AMOUNT OF INVENTORY
                                                        (Specify cost, market or other basis)

None ■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY                    NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
                                    RECORDS

### 21 . Current Partners, Officers, Directors and Shareholders

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                NATURE OF INTEREST            PERCENTAGE OF INTEREST

7

**None** ■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

**22 . Former partners, officers, directors and shareholders**

**None** ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

**None** ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

**None** ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

**None** ■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

**None** ■    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____        Signature    **/s/ John R. Hillman**
                                                     **John R. Hillman**
                                                     Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Software Copyright (c) 1996-2010 Best Case Solutions, Inc. - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## District of New Jersey

In re   __John R. Hillman__                                          Case No.   __10-46266__
                                          __Debtor(s)__              Chapter    __7__

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>-NONE- | **Describe Property Securing Debt:** |

Property will be (check one):
    ☐ Surrendered           ☐ Retained

If retaining the property, I intend to (check at least one):
    ☐ Redeem the property
    ☐ Reaffirm the debt
    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
    ☐ Claimed as Exempt            ☐ Not claimed as exempt

**PART B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>-NONE- | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES      ☐ NO |

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date _____          Signature   __/s/ John R. Hillman__
                                                    John R. Hillman
                                                    Debtor

## United States Bankruptcy Court
### District of New Jersey

In re   John R. Hillman

                          Debtor(s)

Case No.   **10-46266**

Chapter   **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | | |
   |---|---|---|
   | For legal services, I have agreed to accept | $ | **2,000.00** |
   | Prior to the filing of this statement I have received | $ | **275.00** |
   | Balance Due | $ | **1,725.00** |

2. $ **274.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor      ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor      ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: _____

        **/s/ Russell L. Low**
        **Russell L. Low 4745**
        **Low and Low**
        **505 Main Street**
        **Hackensack, NJ 07601**
        **201-343-4040  Fax: 201-488-5788**
        **Rbear611@AOL.com**

---

B 201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days. For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Form B 201A, Notice to Consumer Debtor(s)                                                                Page 2

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009. Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## District of New Jersey

In re    __John R. Hillman_____     Case No.    __10-46266_____
                              Debtor(s)                   Chapter    __7_____

# CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
# UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

__John R. Hillman_____     X  __/s/ John R. Hillman_____
Printed Name(s) of Debtor(s)               Signature of Debtor            Date

Case No. (if known)  __10-46266_____     X  _____
                                           Signature of Joint Debtor (if any)    Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                    Best Case Bankruptcy

## United States Bankruptcy Court
### District of New Jersey

In re    John R. Hillman

_____
Debtor(s)

Case No.    **10-46266**
Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date: _____

/s/ John R. Hillman
_____
John R. Hillman
Signature of Debtor

American Express
c/o Becket and Lee LLP
Po Box 3001
Malvern, PA 19355


Amex
c/o Beckett & Lee
Po Box 3001
Malvern, PA 19355


Barclays Bank Delaware
Attention: Customer Support Department
Po Box 8833
Wilmington, DE 19899


Bergen Family Center
10 Banta Place
Hackensack, NJ 07601


Bon Venture
ATTN: Commerical Recovery Group, Inc.
1012 State College Road
Dover, DE 19904


Citibank Sd, Na
Attn: Centralized Bankruptcy
Po Box 20507
Kansas City, MO 64195


Citibank Usa
Attn.: Centralized Bankruptcy
Po Box 20363
Kansas City, MO 64195


Damiano Law Offices
51 East Main Street
Little Falls, NJ 07424


Discover Fin
Attention: Bankruptcy Department
Po Box 3025
New Albany, OH 43054

Discover Fin
Attention: Bankruptcy Department
Po Box 3025
New Albany, OH 43054


Exxon
PO Box 105980
Atlanta, GA 30348


Ford Motor Credit Company
PO Box 6508
Mesa, AZ 85216


Ford Motor Credit Corporation
National Bankruptcy Center
Po Box 6275
Dearborn, MI 48121


Ford Motor Credit Corporation
National Bankruptcy Center
Po Box 6275
Dearborn, MI 48121


GEMB / Old Navy
Attention: Bankruptcy
Po Box 103104
Roswell, GA 30076


Gemb/pc Richard
Po Box 981439
El Paso, TX 79998


Gemb/pc Richard
Po Box 981439
El Paso, TX 79998


Gemb/pc Richards
Attention: Bankruptcy
Po Box 103104
Roswell, GA 30076


GMAC
Po Box 130424
Roseville, MN 55113

Home Supply And Lumber
ATTN: Fein, Such, Kahn & Shepard
7 Century Drive
Parsippany, NJ 07054


Kenneth Lowell Rose
161 Prospect Street
Passaic, NJ 07055


Lowes / MBGA
Attention: Bankruptcy Department
Po Box 103104
Roswell, GA 30076


LTD Financial Services, L.P.
7322 Southwest Freeway
St.1600
Houston, TX 77074


Macys/fdsb
Macy's Bankruptcy
Po Box 8053
Mason, OH 45040


Morgan, Bornstein & Morgan
1236 Brace Road
St.K
Cherry Hill, NJ 08034


NCR - ERecovery
PO Box 4219
Columbus, GA 31914


PRF
1740 Oak Lakes
Sarasota, FL 34232


Sears
PO Box 6189
Sioux Falls, SD 57117


Janine Shessa
31 Christpher Street
Ramsey, NJ 07446

Starlite Recovery Centre
ATTN: Sarma Collections Inc
1801 Broadway
San Antonio, TX 78215


Summit Collection Svcs
50 N Franklin Tpke
Ho Ho Kus, NJ 07423


Synergetic Communications, Inc.
5450 Northwest Central
Houston, TX 77092


Td Bank N.a.
1100 Lake St
Ramsey, NJ 07446


Transworld Systems Inc.
3454 Oak Alley Court
Suite 501
Toledo, OH 43606


Valley National Bank
1460 Valley Rd
Wayne, NJ 07470


Valley National Bank- Kenneth Lowell Ros
350 Rock Avenue
Plainfield, NJ 07060


Wffinancial
800 Walnut St
Des Moines, IA 50309

B21 (Official Form 21) (12/07)

## STATEMENT OF SOCIAL-SECURITY NUMBER OR
## INDIVIDUAL TAXPAYER-IDENTIFICATION NUMBER (ITIN)

# United States Bankruptcy Court
### District of New Jersey

In re   **John R. Hillman**
_____
                                                        Debtor

Case No.   **10-46266**

Address       **407 North 4th Avenue**
              **Hawthorne, NJ 07506**

Chapter   **7**

Employer's Tax Identification (EIN) No(s). [if any]: _____

Last four digits of Social Security No(s).:    **xxx-xx-4472**

## STATEMENT OF SOCIAL-SECURITY NUMBER(S)
*(or other Individual Taxpayer-Identification Number(s) (ITIN(s)))*

1. Name of Debtor (enter Last, First, Middle): **Hillman, John R.**
*(Check the appropriate box and, if applicable, provide the required information.)*

   ■ Debtor has a Social Security Number and it is:
      *(If more than one, state all.)*
   ☐ Debtor does not have a Social Security Number but has an Individual Taxpayer-Identification Number (ITIN),
      and it is: ___.
      *(If more than one, state all.)*
   ☐ Debtor does not have either a Social-Security Number or an Individual Taxpayer-Identification Number (ITIN).

2. Name of Joint Debtor (enter Last, First, Middle): _____
*(Check the appropriate box and, if applicable, provide the required information.)*

   ☐ Joint Debtor has a Social Security Number and it is: __
      *(If more than one, state all.)*
   ☐ Joint Debtor does not have a Social Security Number but has an Individual Taxpayer-Identification Number and it
      is: __.
      *(If more than one, state all.)*
   ☐ Joint Debtor does not have a Social Security Number or an Individual Taxpayer Identification Number (ITIN).

I declare under penalty of perjury that the foregoing is true and correct.

   X   **/s/ John R. Hillman**
       _____
       **John R. Hillman**                      Date
       Signature of Debtor

   X   _____
       Signature of Joint Debtor                Date

_____

*Joint debtors must provide information for both spouses.

*Penalty for making a false statement:* Fine of up to $250,000 or up to 5 years imprisonment or both. 18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                    Best Case Bankruptcy

B22A (Official Form 22A) (Chapter 7) (04/10)

In re   __John R. Hillman__
                    Debtor(s)
Case Number:   __10-46266__
                    (If known)

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

☐ The presumption arises.

■ The presumption does not arise.

☐ The presumption is temporarily inapplicable.

## CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
## AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly.  Unless the exclusion in Line 1C applies, joint debtors may complete a single statement.  If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| | Part I. MILITARY AND NON-CONSUMER DEBTORS |
|---|---|
| 1A | **Disabled Veterans.**  If you are a disabled veteran described in the Declaration in this Part 1A, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.**  By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.**  If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.**  By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.**  Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which  your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.**  By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>   ☐ I remain on active duty /or/<br>   ☐ I was released from active duty on ____, which is less than 540 days before this bankruptcy case was filed;<br><br>      OR<br><br>b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>   ☐ I performed homeland defense activity for a period of at least 90 days, terminating on ____, which is less than 540 days before this bankruptcy case was filed. |

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com

B22A (Official Form 22A) (Chapter 7) (04/10)                                                                        2

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| | | |
|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ **Unmarried.** Complete only Column A ("Debtor's Income") for Lines 3-11.<br>b. ■ **Married, not filing jointly, with declaration of separate households.** By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ **Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ **Married, filing jointly. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A<br>Debtor's Income | Column B<br>Spouse's Income |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $    3,683.33 | $ |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br>a. Gross receipts — Debtor $ 0.00 Spouse $<br>b. Ordinary and necessary business expenses $ 0.00 $<br>c. Business income — Subtract Line b from Line a | $    0.00 | $ |
| 5 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br>a. Gross receipts — Debtor $ 0.00 Spouse $<br>b. Ordinary and necessary operating expenses $ 0.00 $<br>c. Rent and other real property income — Subtract Line b from Line a | $    0.00 | $ |
| 6 | **Interest, dividends, and royalties.** | $    0.00 | $ |
| 7 | **Pension and retirement income.** | $    0.00 | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $    0.00 | $ |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br>Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $ 0.00 Spouse $ | $    0.00 | $ |
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br>a. Help from family — Debtor $ 1,500.00 Spouse $<br>b. — $ $<br>Total and enter on Line 10 | $    1,500.00 | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $    5,183.33 | $ |

B22A (Official Form 22A) (Chapter 7) (04/10)

3

| 12 | Total Current Monthly Income for § 707(b)(7). If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ | 5,183.33 |
|---|---|---|---|

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | Annualized Current Monthly Income for § 707(b)(7). Multiply the amount from Line 12 by the number 12 and enter the result. | $ | 62,199.96 |
|---|---|---|---|
| 14 | Applicable median family income. Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br>a. Enter debtor's state of residence:  NJ   b. Enter debtor's household size:   **4** | $ | 99,474.00 |
| 15 | Application of Section 707(b)(7). Check the applicable box and proceed as directed.<br>■ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br>☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. |  |  |

Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | $ |
|---|---|---|

| 17 | Marital adjustment. If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | | |
|---|---|---|

| a. | | $ |
|---|---|---|
| b. | | $ |
| c. | | $ |
| d. | | $ |

| | Total and enter on Line 17 | $ |
|---|---|---|
| 18 | Current monthly income for § 707(b)(2). Subtract Line 17 from Line 16 and enter the result. | $ |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | National Standards: food, clothing and other items. Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 19B | National Standards: health care. Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |
|---|---|---|

| Household members under 65 years of age | | Household members 65 years of age or older | | |
|---|---|---|---|---|
| a1. | Allowance per member | | a2. | Allowance per member | |
| b1. | Number of members | | b2. | Number of members | |
| c1. | Subtotal | | c2. | Subtotal | | $ |

| 20A | Local Standards: housing and utilities; non-mortgage expenses. Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ |
|---|---|---|

Case 11-01230-RG    Doc 4-1    Filed 03/16/11    Entered 03/21/11 15:35:26    Desc
Motion with Redacted Social Security Number    Page 84 of 120

B22A (Official Form 22A) (Chapter 7) (04/10)

4

| | | |
|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.**<br><table><tr><td>a.</td><td>IRS Housing and Utilities Standards; mortgage/rental expense</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net mortgage/rental expense</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.**<br>You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br>☐ 0   ☐ 1   ☐ 2 or more.<br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br>☐ 1   ☐ 2 or more.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.**<br><table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 1</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.**<br><table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 2</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |

Case 11-01230-RG    Doc 4-1    Filed 03/16/11    Entered 03/21/11 15:35:26    Desc
Motion with Redacted Social Security Number    Page 85 of 120

B22A (Official Form 22A) (Chapter 7) (04/10)                                                                                 5

| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
|---|---|---|
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

**Subpart B: Additional Living Expense Deductions**

**Note: Do not include any expenses that you have listed in Lines 19-32**

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. <br><br> a. Health Insurance $ <br> b. Disability Insurance $ <br> c. Health Savings Account $ <br><br> Total and enter on Line 34. <br> **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: <br> $_____ | $ |
|---|---|---|
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B22A (Official Form 22A) (Chapter 7) (04/10)                                                                                                          6

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
|---|---|---|
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ yes ☐ no |
| | | | Total: Add Lines | |

| | | | | $ |
|---|---|---|---|---|

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines |

| | | | $ |
|---|---|---|

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |
|---|---|---|

| a. | Projected average monthly Chapter 13 plan payment. | $ |
|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

| | | $ |
|---|---|

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |
|---|---|---|

### Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |
|---|---|---|

### Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | $ |
|---|---|---|
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

B22A (Official Form 22A) (Chapter 7) (04/10)    7

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed. <br><br> ☐ **The amount on Line 51 is less than $7,025\*.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. <br><br> ☐ **The amount set forth on Line 51 is more than $11,725\*** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI. <br><br> ☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\*.** Complete the remainder of Part VI (Lines 53 through 55). | |
|---|---|---|
| 53 | Enter the amount of your total non-priority unsecured debt | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed. <br><br> ☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. <br><br> ☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total:  Add Lines a, b, c, and d | $ |

## Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* <br><br> Date: _____    Signature: **/s/ John R. Hillman** _____ <br> **John R. Hillman** <br> *(Debtor)* |
|---|---|

\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                                        Best Case Bankruptcy

# EXHIBIT "D"

November 30, 2009

Kenneth Lowell Rose
161 Prospect Street
Passaic, NJ 07055

Re: Valley National Bank Loan No. 315-095-679

Dear Mr. Rose:

I sincerely appreciate you taking the time to talk to me back on Friday, November 6th regarding the above matter.

As we discussed, I am deeply concerned about the unpaid balance on this loan and how it may affect me at this time. As I explained, the children and I have been under an immense amount of stress for almost 3 years now because of the behavior and actions of my ex-husband, and there is no end in sight. Just in the time since we spoke, I was finally able to obtain a final restraining order, however he continues to harass me through the court system. The legal expenses alone because of him have been crippling and as a result of the divorce and him failing to pay me, I am financially ruined.

Enclosed is the documentation we discussed. I have included three (3) copies of pages from my divorce. The first two (2) pages are the front and back copies of my divorce. The third page is Article 5 and at the bottom I have noted under Hillman Construction where the precise issue of this company line of credit was addressed in my divorce settlement. It was a concern of mine throughout the divorce and I thought, until now, had been thoroughly addressed and concluded. Not once during the divorce proceedings was I advised by my lawyer or the judge that any changes needed to be addressed with the bank regarding this loan. I truly had no idea until receiving the first of these letters that I may be liable, since it clearly states that I am to be indemnified of all liabilities regarding Hillman Construction.

Mr. Hillman has remarried and resides at the 407 N. Fourth Avenue address you have. His wife's name is Lisa Graber Hillman. His cell phone number is (973) 886-1163. His attorney is Mr. Joe Maceri @ Damiano Law Offices, 51 East Main Street, Little Falls, NJ 07424. Please contact him for payment and to remove me from the loan as was intended in the divorce.

Please feel free to contact me at (973) 886-1164. I appreciate any assistance you can offer.

Sincerely,

*Janine M Chessa*

Janine M. Chessa

# EXHIBIT "E"

# KENNETH LOWELL ROSE

### ATTORNEY AT LAW
### 161 PROSPECT STREET
### PASSAIC, NEW JERSEY 07055

TELEPHONE: (973) 779-0100

TELEFAX: (973) 779-2964
EMAIL: Ken@kennethroselaw.com

January 11, 2010

Ms. Janine M. Chessa
31 Christopher Street
Ramsey, NJ 07446

**RE:    Valley National Bank (hereinafter "Bank") to Hillman Construction, Inc.
(hereinafter "Borrower")
Revolving Line of Credit Note (The "Note")
Original Loan Amount: $50,000.00
Loan No. 315-095-679**

Dear Ms. Chessa:

As you are aware, this office represents the legal interests of **Valley National Bank** (hereinafter "Bank") in connection with the above referenced matter.

Please be advised that Mr. Hillman submitted a repayment plan proposal which has already been submitted to the Bank for its evaluation and determination.

Prior to making a final determination, the Bank requires that you and Mr. Hillman submit a Personal Financial Statement for review by the Bank. Accordingly, enclosed herein please find Valley National Bank's Personal Financial Statement Form to be completed (as of December 31, 2009), signed and returned to this office as soon as possible. Please note that a Personal Financial Statement Form was submitted to Mr. Hillman for completion and execution on January 4, 2009.

Your prompt attention to this matter is required.

Very truly yours,

Kenneth L. Rose

KLR/MH-encls.
cc: Michelle S. Scotti, V.P.
    c/o Valley National Bank

# EXHIBIT "F"

RECORDED AS A LIEN

TAXED

| | |
|---|---|
| Attorney(s): | KENNETH L. ROSE, ESQ. |
| Law Firm: | |
| Address: | 161 Prospect Street |
| | Passaic, New Jersey 07055 |

**FILED**

MAR 2 6 2010

THOMAS J. LaCONTE
JUDGE, SUPERIOR COURT

| | |
|---|---|
| Telephone No.: | (973) 779-0100 |
| Fax No.: | (973) 779-2964 |
| E-mail: | Ken@kennethroselaw.com |
| Attorney(s) for Plaintiff(s): | Valley National Bank |

**VALLEY NATIONAL BANK**

Plaintiff(s)

vs.

HILLMAN CONSTRUCTION, INC., A Corporation, JOHN R. HILLMAN, individually and JANINE M. HILLMAN, individually a/k/a JANINE M. CHESSA

Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
PASSAIC COUNTY

DOCKET NO. PAS-L-4956-09

CIVIL ACTION

**Final Judgment by Default**

J 151851-10

The defendant(s) HILLMAN CONSTRUCTION, INC., JOHN HILLMAN AND JANINE M. HILLMAN

**A/K/A JANINE M. CHESSA**

having been duly served with process and a copy of the complaint in the above-entitled action, and having been defaulted for failure to answer, appear or otherwise move as to the complaint, and defendant(s) not being infant(s) or incompetent person(s); and plaintiff(s) having filed a certification setting forth a particular statement of the items of the claim, their amounts and dates, a calculation in figures of the amount of interest, the payments or credits, if any, and the net amount due;

FINAL JUDGMENT is on this *26th* day of *May*, *2010*, signed and entered in the sum of $ 30,346.37            with costs, in favor of the plaintiff(s) VALLEY NATIONAL BANK

and against the defendant(s) HILLMAN CONSTRUCTION, INC., JOHN R. HILLMAN AND JANINE M. HILLMAN A/K/A JANINE M. CHESSA

HON. THOMAS J. LaCONTE

*Clerk*

CERTIFIED
TO BE A
TRUE COPY

5040 - Final Judgment by Default
Rev. 1/99    P10/03

Powered by
HotDocs®

©2005 by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510

# SUPERIOR COURT OF NEW JERSEY
## PASSAIC VICINAGE
77 Hamilton Street
Paterson, New Jersey 07505
(973) 247-8176 / Fax: (973) 247-8185

**KIRK L. NIXON**
Trial Court Administrator

**Dominic F. Palumbo**
Civil Division Manager

**GLENN DE BLASIO**
Assistant Civil Division Manager

**RENITA MCKINNEY**
Assistant Civil Division Manager



# TAXED COSTS

**DOCKET NUMBER:** L 4956 09

**JUDGMENT NUMBER** _____

**CASE TITLE** Valley Nat vs. Hillman

**COSTS OF:** ___Plaintiffs_____

    Attorneys Allowance allowed by Statute:   $ 40.00

    **Filing Fees paid to clerk (Complaint)**   $200.00

    Sheriffs fees for service   $ _____

    Other fees: (Specify)   $_____

                                          **Total Costs** S 240 00

**Date Taxed:** 3/30/10

**Attorney:** _____

                     **Clerk of Superior Court**

                     DOMINIC F. PALUMBO
                     Civil Division Manager

# **EXHIBIT G**

## AFFIDAVIT OF SERVICE
### PASSAIC COUNTY SHERIFF'S OFFICE            11/23/2010
mr

Sheriff #        901583    Service #    1    of    1    Apt #

Mapper #

Type of Service        **Bank Levy**        Writ Rec'd   **11/19/2010**   Atty. File #

I, CHARLES S. MEYERS, ACTING SHERIFF OF PASSAIC COUNTY, DO HEREBY DEPUTIZE AND
APPOINT THE UNDERSIGNED OFFICER TO BE MY SPECIAL DEPUTY TO EXECUTE THE WITHIN WRIT
ACCORDING TO LAW.

Attorney for Plaintiff:    Phone#   (973) 779-0100
Kenneth L. Rose, Esq.
Kenneth Lowell Rose
161 Prospect Street
Passaic, NJ 07055

### COURT DATA

| Court of Issuance | **Superior** | State of New Jersey | Division | **Law** |
| Docket #   **PAS L 4956 09** | | | County of Venue | **Passaic** |

### CAPTION OF CASE

**VALLEY NATIONAL BANK**

Vs.

**HILLMAN CONSTRUCTION, INC., A CORP; JOHN R. HILLMAN, IND., AND JANINE
CHESSA**

### DEFENDANT OR NAMED WITHIN TO BE SERVED

By virtue of the above Writ of Execution to me directed and delivered, I have levied upon all the rights and
credits, money and effects, goods and chattels, lands and tenements of the said:

**HILLMAN CONSTRUCTION, INC., A**        Found at:
**CORP; JOHN R. HILLMAN, IND., AND**
**JANINE CHESSA**        **ATLANTIC STEWARDSHIP**
**33 SICOMAC ROAD**
**North Haledon, NJ 07508**

To wit:        **Any and all bank accounts maintained at the address set forth above.**
SS#: 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
**Address of deft: 31 Christopher Street, Ramsey, NJ 07446**

Total Amount Due on this Execution:        $ 27,949.03
☐ Prior Writs

The sheriff is entitled to commission pursuant to NJSA 22A:4-8. Kindly contact this office when settling.

Contact:        Passaic County Sheriff's Office- Levy Dept.
77 Hamilton Street
Paterson, NJ 07505
(973) 881-4200

### SERVICE DATA RECORDED

☐   Served        ☐   Un-Served        ☐   Posted        Date _____

Levy Made        Yes  ☐    No  ☐.    Attempts # _____    Time _____
(Attempt Dates and Times are Recorded on the Back of this Affidavit).

Person Served  _____        Title/Relationship _____
Comments: _____

_____        By: _____

_____        **Special Deputy Sheriff**

_____

# **EXHIBIT H**

**INTERNAL USE ONLY**

## PAYMENT-APPLICATION FORM

| | | | |
|---|---|---|---|
| regular monthly payment? | | Yes ( ) | No ( ) |
| account on Non-Accrual? | | Yes ( ) | No ( ) |

Hillman Construction

| | | | |
|---|---|---|---|
| l Rec'd: | $ 2994 85 | Account #: | 315095679 |
| ncipal: | $ | Date Rec'd: | 7/14/10 |
| rest: | $ | To Escrow: | $ |
| er: | $ | To Late Charges: | $ |
| covery: | $ 2,994 85 | G/L #: | |
| l Income: | $ | G/L #: | 2575-01-0340 |
| ees: | $ | G/L #: | |
| es: | $ | G/L #: | |
| ce: | $ | G/L #: | |

Workout Officer Approval: _MSR_

---

**DEBIT**                                         Date 7/14/10

We are charging your account as per items below. Please see that
the amount is deducted on your books so that our accounts may agree.

For _Hillman Construction_
      c/# 315095679

Account No.  [2][0][4] - [0][0][0][7][8][9][3]

To  _Lorraine Chesson Janine M. Chesson_
     1177 High Mt. Rd.
     North Haledon, NJ 07508

| AMOUNT |
|---|
| 2,994 85 |
| APPROVED BY |
| MSR |
| ENTERED BY |

VN5370980 ©2008 Valley National Bank, Member FDIC.  VCR 0780

**V** Valley National Bank
1-800-522-4100   www.valleynationalbank.com

LORRAINE CHESSA OR
JANINE M CHESSA
1177 HIGH MT RD
NORTH HALEDON NJ 07508

| | | |
|---|---|---|
| 0 | Page: | 1 |
| | Chks Paid: | 1 |
| | Statement Date: | 08/13/10 |
| | Account Number: | 2040001893 |

Indicate to the right any changes of address. Tear at the
perforation and return this form to: Valley Customer Service,
1445 Valley Road, Wayne, NJ 07470

Street: _____

City, State, Zip: _____

Signature: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**************************** NOW Account    2040001893 **********************

**Non-Check Transactions**

| Date | Description | Amount |
|---|---|---|
| 07/14 | PMT LN#315095679 | 2,994.88- |
| 07/15 | Deposit | 199.00 |
| 07/15 | Paid EOD NSF FEE | 34.00- |

**Checks in Order**

| Date | Number | Amount | Date | Number | Amount |
|---|---|---|---|---|---|
| 07/14 | 5828 | 165.00 | | | |

**Daily Balance Summary**

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 07/13 | 2,994.88 | 07/14 | 165.00- | 07/15 | .00 |

**Interest Rate Summary**

| Date | Rate | Date | Rate | Date | Rate | Date | Rate |
|---|---|---|---|---|---|---|---|
| 07/14 | .050% | | | | | | |

**Account Summary**

Previous Statement Date: 07/13/10

| Beginning Balance | + | Deposits | + | Interest Paid | - | Withdrawals | - | Service Charge | = | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 2,994.88 | | 199.00 | | .00 | | 3,193.88 | | .00 | | .00 |

Statement from 07/14/10 Thru 07/15/10
YTD Interest Paid      1.07

**Valley National Bank**

STATEMENT OF ACCOUNT

| | | | |
|---|---|---|---|
| LORRAINE CHESSA OR | 0 | **Page:** | **2** |
| JANINE M CHESSA | | | |
| 1177 HIGH MT RD | | **Statement Date:** | **08/13/10** |
| NORTH HALEDON NJ 07508 | | **Account Number:** | **2040001893** |

Street: _____

Indicate to the right any changes of address. Tear at the perforation and return this form to: Valley Customer Service, 1445 Valley Road, Wayne, NJ 07470

City, State, Zip: _____

Signature: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**************************** NOW Account    2040001893 ***********************

**Overdraft and Returned-Item Charge and Adjustments Summary**

| | TOTAL Current Stmt Period | Total Year-to-date |
|---|---|---|
| Total Overdraft Fees | $34.00 | $34.00 |
| Total Returned Item Fees | $0.00 | $0.00 |

---

**SEE OTHER SIDE FOR IMPORTANT INFORMATION**
Report lost or stolen Valley Check Card to: 1-888-379-9903

1-800-522-4100
www.valleynationalbank.com



# Exhibit I

# KENNETH LOWELL ROSE

### ATTORNEY AT LAW
### 161 PROSPECT STREET
### PASSAIC, NEW JERSEY 07055

TELEPHONE: (973) 779-0100

TELEFAX: (973) 779-2964
EMAIL: Ken@kennethroselaw.com

February 7, 2011

Ms. Janine M. Chessa
31 Christopher Street
Ramsey, NJ 07446

RE:   **Valley National Bank v. Hillman Construction, Inc., et. als.**
      **Docket No. PAS-L-4956-09**
      **Judgment No. J-151851-10**

Dear Ms. Chessa:

   We hereby serve upon you, on behalf of Plaintiff, with Notice of Motion for Writ of Wage Execution as to you in connection with the above captioned matter.

   Please be guided accordingly.

Very truly yours,

Kenneth L. Rose

KLR/MH-encls.
Via Cert. Mail RRR and Regular Mail
cc: Michelle Scotti, Vice President
      c/o Valley National Bank (w/ encls.)

KENNETH LOWELL ROSE, ESQ.
161 PROSPECT STREET
PASSAIC, NEW JERSEY 07055
973-779-0100
ATTORNEY FOR PLAINTIFF

-------------------------------------------

| | | |
|---|---|---|
| VALLEY NATIONAL BANK | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION |
| Plaintiff, | : | PASSAIC COUNTY |
| | : | |
| vs. | : | DOCKET NO.  PAS-L-4956-09 |
| | : | JUDGMENT NO. J-151851-10 |
| HILLMAN CONSTRUCTION, | : | |
| INC., A Corporation, JOHN R. | : | NOTICE OF MOTION FOR |
| HILLMAN, individually and | : | WRIT OF WAGE EXECUTION |
| JANINE M. HILLMAN, | : | AS TO JUDGMENT DEBTOR |
| individually a/k/a JANINE | : | JANINE M. HILLMAN A/K/A |
| M. CHESSA, | : | JANINE M. CHESSA |
| | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------

TO:    JANINE M. CHESSA
       31 Christopher Street
       Ramsey, New Jersey 07446

PLEASE TAKE NOTICE that on Friday, April 1, 2011 at 9:00 a.m. or as soon

thereafter as counsel may be heard, the undersigned, attorney for the Plaintiff, Valley

National Bank will apply to the above named court at the Passaic County Courthouse, 77

Hamilton Street, Paterson, New Jersey for:

1. A Wage Execution Order to issue against your salary, to be served on your

employer, INTEGRITY MATERIAL HANDLING SYSTEMS, INC. 8 Madison Avenue,

Wyckoff, New Jersey 07481 for a) 10% of your gross salary when the same shall equal or

exceed the amount of $217.50 (196.50) per week; or b) 25% of your disposable earnings for that week; or c) the amount, if any, by which your disposable weekly earnings exceed $217.50 (196.50), whichever is the least. Disposable earnings are defined as that portion of the earnings remaining after deduction from the gross earnings of any amounts required by law to be withheld. In the event the disposable earnings so defined are $217.50 ($196.50) or less no amount shall be withheld under this wage execution. In no event shall more than 10% of your gross salary be withheld. Your employer may not discharge, discipline or discriminate against you because your earnings have been subjected to garnishment.

**PLEASE BE ADVISED** that you may notify the Clerk of the Court at the address above <u>and</u> the attorney for the judgment creditor, whose address also appears above, in writing, within ten (10) days of after the service of this Notice upon you, why such an Order for Wage Execution shall not be issued by this Court, and thereafter the application will be set down by the Court for a hearing of which you will receive notice of the date, time and place.

**PLEASE BE ADVISED,** that if you do not notify the Clerk of the Court and the attorney for the judgment creditor in writing of your objection, you will receive no further notice and the Order will by signed by the Court as a matter of course.

**PLEASE BE ADVISED** that you have a continuing right to object to the wage execution or apply for a reduction in the amount withheld even after it has been issued by the Court. To object or apply for a reduction, you must file a written statement with the Court setting out your objection or the reasons why a reduction should be granted by the Court. The statement must be filed with the Clerk of the Court and a copy sent to the

attorney for the judgment creditor. You will be entitled to a hearing within seven (7) days after you file your objection or application for a reduction.

## CERTIFICATION OF SERVICE

The undersigned, attorney for Valley National Bank certify that I have served the within Notice of Motion for Wage Execution upon Janice M. Hillman a/k/a Janine M. Chessa at her last known address as set forth above simultaneously by regular mail and certified mail, return receipt requested. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

KENNETH HOWELL ROSE, ESQ.
ATTORNEY FOR
VALLEY NATIONAL BANK

DATED: FEBRUARY 7, 2011

# Exhibit J

Janine Chessa (f/k/a) Hillman
31 Christopher Street
Ramsey, New Jersey 07446
973-886-1164

February 10, 2011

United States Bankruptcy Court
District of New Jersey
Clerk's Office
MLK Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

Re: *John R. Hillman*
*Case No. 10-46266-RG*
Debt: **Valley National Bank v. Hillman Construction, Inc.**
Docket No. PAS-L-4956-09
Judgment No. J-151851-10

Dear Sir/Madam:

In connection with my telephone conversation of even date with your office, please be advised that I am Jannine Hillman (Chessa), the former wife of the above named debtor, and a former interest holder in Hillman Construction, Inc. Mr. Hillman has petitioned this Court to have certain debts discharged, more specifically the above listed business equity loan to Valley National Bank.

Please be advised that I object to the discharge of this debt. Although I was not a signer on the Security Agreement to Valley National Bank, (Exhibit A), annexed hereto, dated October 25, 2005, I did execute a Guaranty on the loan. Unfortunately, Mr. Hillman and I experienced a long divorce, laced with years of negotiations, due to a serious domestic violence situation. On February 14, 2008 Mr. Hillman and I were Divorced in the Passaic County Superior Court, under Docket No. FM-1772-07-V, a Dual Judgment of Divorce and Property Settlement Agreement (Exhibit B) was entered into by Mr. Hillman and myself. According to the terms of the Judgment of Divorce/Property Settlement Agreement, specifically Article 5, <u>Equitable Distribution</u>, Paragraph 21, "Hillman Corporation", the Defendant was to "indemnify Wife for all liabilities associated with the business, including, but not limited to the line of credit in the (then) current amount of $47,000." In my effort to facilitate the Judgment and Property Settlement Agreement, I executed the appropriate documentation to have me removed as a share holder of the Corporation. I have not prior to nor since then been in any way involved in the

business, the intake of revenue, nor the access or taking of funds from the credit line. In return the Defendant was to "idemnify" me from the above listed line of credit. Unfortunately, due to the severity of the continuing domestic violence situation, (which continues to date) I have been tied up in various Courts throughout various Counties on serious violation charges, trying to protect myself and my children, notwithstanding criminal charges currently pending in the Superior Court, Bergen County.    Mr Hillman's refusal to adhere to the Judgment of Divorce and attached Property Settlement Agreement has left me with a long trail of Court appearances, countless Motions, and legal fees. Now, due to the unwillingness to pay his child support obligation (yet another violation of the Judgment of Divorce), he has, in a last ditched effort to paint a picture of poverty for the Family Court, filed for Bankruptcy! This is just not right. Mr. Hillman, has and still does, continue to work at his trade, and support his lifestyle and new family. Due to his negligence in paying Valley National Bank, or signing the appropriate documents to have me removed from the loan (as was Ordered by the Court), I have, now received notice that a Judgment has been filed against me, and just days ago, that Valley National Bank has motioned the Court for a Wage Execution against me. This, coupled with all of the financial burden put upon me due to the Defendant's blatant default in the Agreement, will, if put through, cause me and my three children to possibly become homelessness. Due to the Judgment filed against me, and aggressiveness of Valley National Bank, they have taken $3,000.00 from my mothers account to put toward Mr. Hillman's obligation. This is really sad as my mother has done nothing but try to help me and our children financially in any way she can afford to.

After receipt of the first set of documents I contacted the attorney for Valley National Bank (Exhibit C), to no avail.

It is my position that discharge of this debt would be in strict violation of II USC 523, under the Bankruptcy code, it is argued herein that, the parties' Divorce Decree created a debt that is in the nature of "alimony, maintenance or support". This is evidentiary in the documents attached hereto. Be further advised, I am, in conjunction herewith, filing a Motion with the Superior Court, Passaic County under Docket No. FM-1772-07-V, for Enforcement of Litigants Rights, to obtain the necessary relief for Mr. Hillman's obligation to be enforced in the **proper venue**. A copy of which Motion will be supplied to this Court. If this Court discharges this debt, the money that Mr. Hillman was loaned and spent, will become my sole obligation. This is in violation of the Final Judgment of Divorce and Property Settlement Agreement.

Accordingly, I respectfully request that this Court deny the discharge of the debt to Valley National Bank, as it would be in violation of the United States Bankruptcy Code.

Respectfully Submitted,

Jannine Chessa

Janine Chessa (f/k/a) Hillman
31 Christopher Street
Ramsey, NJ 07446
973-886-1164

February 23, 2011

United States Bankruptcy Court
District of New Jersey
Clerk's Office
MLK Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

      *Re: John R. Hillman*
         *Case No. 10-46266-RG*
         **Debt: Valley National Bank v. Hillman Construction, Inc.**
         **Docket No. PAS-L-4956-09**
         **Judgment No. J-151851-10**

Dear Cindy:

      Pursuant to our telephone conversation, enclosed herewith please find original and three copies of Adversary Complaint and Cover Sheet, relative to the above listed matter. Accordingly I would ask that you kindly file same and issue the Summonses in connection with the Complaint. I do believe it is my responsibility to serve the Defendant, Mr. Hillman, and also on the attorney for Valley National Bank. Does this Court require me to serve the Trustee in this matter?

      Further enclosed, please find my money order in the amount of $250.00 made payable to the Bankruptcy Court, District of New Jersey to cover the cost of this proceeding. I have also enclosed a self-addressed stamped envelope for the purpose of returning the filed Complaint and completed Summonses for your convenience. As I understand it, the Court will assign a hearing date, at which time I will provide my proofs to this Court.

      Thank you for your assistance and courtesies in this matter. Of course, if you should have any questions, please feel free to contact me.

               Very truly yours,

               *Janine M. Chessa*

               Janine Chessa

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Janine M. Chessa, f/k/a Janine M. Hillman | John R. Hillman |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Pro Se | Russell L. Low / Low & Low<br>505 Main St. Suite 304<br>Hackensack, NJ 07601 (201)343-4040 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| □ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    �XOther<br>□ Trustee | X Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Adversary Complaint objecting to the dischargeability of a
certain debt (Valley National Bank loan # 315-095-679)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- □ 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- □ 13-Recovery of money/property - §548 fraudulent transfer
- □ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- □ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
    **(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- □ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- X 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71-Injunctive relief – imposition of stay
- □ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- □ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- □ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:

Bankruptcy Proceeding
John R. Hillman                                            Hearing Date:
407 North 4th Avenue
Hawthorne, NJ 07506

Social Security No. 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

Case No. 10-46266-RG

Objection of Discharge of Debt to Valley National Bank
Loan No. 315-095-679

                                                          Adv. No.:

JANINE M. CHESSA, f/k/a JANINE M. HILLMAN,

                        Plaintiff,                        Judge:
vs.

JOHN R. HILLMAN,

                Defendant.

## ADVERSARY COMPLAINT

    JANINE M. CHESSA, f/k/a JANINE M. HILLMAN, the Plaintiff in the above captioned
matter by way of Complaint against the Defendant, John R. Hillman, states:

1.    Defendant and I were divorced on February 14, 2008. According to the Property

Settlement Agreement and Final Judgment of Divorce, more specifically Article

5, Equitable Distribution, Paragraph 21, "Hillman Construction", the Defendant

was to "indemnify Wife for all liabilities associated with the business, including

but not limited to the line of credit" . This line of credit was the above listed loan

to Valley National Bank, Loan No. 315-095-679.

2. To date the Defendant has failed to facilitate his Court Ordered obligation in having my name removed from the loan or in the alternative re-finance the loan, thereby removing me from any obligation to the loan.

3. The Defendant has been in arrears, as this Court can see from the "list of creditors" attached to the Bankruptcy Petition, in excess of $35,000.00.

4. The Judgment of Divorce and Property Settlement Agreement was prepared and negotiated in a fashion to outline all the support obligations of the Defendant. I, in accordance with the Final Judgment/Property Settlement Agreement signed over my one-half interest in Hillman Construction immediately to the Defendant, at which time he was to re-finance or pay off the loan to Valley National Bank.

5. The Loan to Valley National Bank was a line of credit that was taken out by the Defendant, but I did sign as a guarantee. This loan became part of the obligations of the Defendant when the Judgment for Divorce was entered, and signed by the Defendant, under Superior Court, Passaic County, Family Part, Docket No. FM-1772-07-V.

6. Since the entry of the Final Judgment of Divorce, there have been many proceedings pending for violations of a Final Restraining Order, which stemmed from Defendant's domestic violence against me.

7. Due to the Final restraining Order, it has been difficult to get the Defendant to take care of his obligations under the Final Judgment/Property Settlement Agreement.

8.  Since Defendant has failed to do so, I have since been served with a Judgment from Valley National Bank which was filed against me, and have even had sums in excess of $2,000.00 taken out of my mother's account to pay down the Defendant debt.

9.  Now, in a further effort to alleviate the Defendant's obligations under the Property Settlement Agreement and paint a picture of poverty to the Family Court, the Defendant has now filed for Bankruptcy, and has listed the aforementioned loan, and "support obligation" as a debt to be discharged in this proceeding.

10.  This line of credit, which has now been exhausted by Defendant, solely, to do whatever he wanted with, pay support, put into his business, spend however he liked, is now at an amount of approximately $31,000.00, and if discharged in this proceeding will become my sole responsibility and obligation.

11.  In addition, I have now been served with a wage execution against me. I make less than $22,000.00 a year, and I am trying to support myself and three children, with no help from the Defendant, as he has been evading all of his obligations under our Property Settlement Agreement, and to be now liable for the Defendant's obligation of this loan to Valley National Bank puts me in a unbearable financial situation, to say the least.

12.  I object to the discharge of the debt in any fashion.  Discharge of this debt will be in strict violation of II USC 523, under the Bankruptcy Code. It is argued herein that the parties Divorce Decree created a debt that is in the nature of "alimony, maintenance or support, and is therefore not dischargable in a Bankruptcy Proceeding.

13.    I am, in conjunction herewith filing a Motion in the Family Court for Enforcement

of Litigants Rights, in order to have this debt paid in full immediately, pursuant to

the terms of the Property Settlement Agreement/Final Judgment of Divorce,

which is the proper venue that this matter should be heard and disposed of in. A

copy of said motion, and all supporting documents shall be supplied to this Court.

*Janine M. Chessa*

JANINE M. CHESSA f/k/a Janine M. Hillman
Plaintiff, pro se

Dated:  2 - 23 - 11

# Exhibit K

Janine M. Chessa
31 Christopher Street
Ramsey, New Jersey 07446

Passaic County Superior Court
Clerk, Law Division
77 Hamilton Street
Paterson, New Jersey 07505

**Re: Docket NO. PAS-L-4956-09**
**Judgment No. J-151851-10**

Dear Sir/Madam:

  Please be advised that I am Janine Chessa, one of the Defendant's in the above-listed litigation. I am, in receipt of a Notice of Motion for Writ of Wage Execution filed on behalf of Valley National Bank, against me.

  I hereby object to the entry of said Order and Writ. This debt stemmed from a Final Judgment of Divorce, and Property Settlement Agreement. In accordance therewith Mr. Hillman was to indemnify me from this debt. Obviously this was never taken care to date. Mr. Hillman is now trying to discharge the debt in the Bankruptcy Court, and "stick" me with the amount due on the Loan. I have filed an objection to that discharge, and am currently dealing with the Bankruptcy Court to stop the discharge of that debt. I am also filing Motion with the Family Court for enforcement of the terms of the Final Judgment, for Mr. Hillman to cure the debt and absolve me from any responsibility to the Valley National. I am attaching hereto a copy of the letter that I have filed with the Bankruptcy Court, as it outlines in a little more detail the situation and the reasons why this is not my debt and I should not be responsible for it.

  Accordingly, I ask that this Motion be denied, or in the alternative set down for oral argument, preferably after the Motion is heard in the Family Court.

  I shall await your reply. Thank you in advance for your consideration.

Very truly yours,

*Janine M. Chessa*

Janine M. Chessa

Cc: Kenneth Lowell Rose, Esq.

# SUPERIOR COURT OF NEW JERSEY
## PASSAIC VICINAGE
77 Hamilton Street
Paterson, New Jersey 07505
(973) 247-8176 / Fax: (973) 247-8185

**KIRK L. NIXON**
Trial Court Administrator

**MELANIE ZAJACZKOWSKI**
Civil Division Manager



**GLENN DE BLASIO**
Assistant Civil Division Manager

**RENITA MCKINNEY**
Assistant Civil Division Manager

Date:    February 23, 2011

Re:    Valley National Bank vs. Hillman Construction Inc.

Docket:  L-4956-09

Dear Sir/Madam:

A hearing with regards to your objection to an Application for Wage Execution in the above cause of action has been set down for <u>March 18th, 2011 (3/18/11)</u> at 9:00A.M., at the Passaic County Superior Court House, 77 Hamilton Street, Paterson, New Jersey.

Your matter is scheduled before <u>Honorable Thomas J. LaConte, J.S.C</u>. Please call chambers the day before the above scheduled date to see if your appearance is required. Please call; (973)247-3209 or (973)247-8203.

Very Truly Yours,

Melanie Zajaczkowski
Civil Division Manager

By: Loween Gilmore
Telephone: (973)247-3299

JANINE CHESSA, Plaintiff Pro Se
31 Christopher Street
Ramsey, NJ 07446
(201) 825-2550 Home
(973) 886-1164 Cell

======================================

JANINE CHESSA (HILLMAN),       :

                         :

             Plaintiff,      :

v.                             :

                         :

JOHN HILLMAN,                :

                         :

            Defendant.    :

======================================

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION: FAMILY PART
PASSAIC COUNTY
DOCKET NO. **FM-16-0005-09**

CIVIL ACTION

**CERTIFICATION OF MAILING**

1.               I hereby certify that the original and one (2) copies of Notice of Motion, Notice to Litigants, Certification of Janine Chessa, Certification of Mailing, and Proposed form of Order was filed with the Clerk of the Superior Court of New Jersey in the County of Passaic, via U.S. Postal Service Express Mail.

2.               Two (2) copies of the annexed of Notice of Motion, Notice to Litigants, Certification of Janine Chessa, Certification of Mailing, and Proposed form of Order was sent to John R. Hillman at 407 North Fourth Ave., Hawthorne, NJ 07506 via U.S. Postal Service Regular and Certified Mail.

                                           *Janine Chessa*
                                           Janine Chessa
                                           Plaintiff

Dated:   3-14-11

JANINE CHESSA, Plaintiff Pro Se
31 Christopher Street
Ramsey, NJ 07446
(201) 825-2550 Home
(973) 886-1164 Cell

================================

| | | |
|---|---|---|
| JANINE CHESSA (HILLMAN), | : | SUPERIOR COURT OF NEW JERSEY |
| | : | CHANCERY DIVISION: FAMILY PART |
| | : | PASSAIC COUNTY |
| Plaintiff, | : | DOCKET NO. **FM-16-0005-09** |
| v. | : | |
| | : | CIVIL ACTION |
| | : | |
| JOHN HILLMAN, | : | |
| | : | |
| Defendant. | : | ORDER |

This matter having been brought before the Court upon the application of the Plaintiff, JANINE CHESSA, upon notice to Defendant, JOHN HILLMAN, and the Court having read the moving papers and attachments thereto, and for good cause having been shown;

**IT IS ON THIS _____ DAY OF _____, 2011 ORDERED AS FOLLOWS:**

1. Defendant is to pay-off, refinance, restructure, or otherwise take whatever steps necessary to remove Janine Chessa's name and any obligations thereto from the loan from Valley National Bank, Loan No. 450063689, within thirty (30) days from the date of this Order.

2. If the Defendant fails to remove the Plaintiff from the aforementioned Loan, the Defendant will be sanctioned the sum of $_____ per day until take care of.

3. Defendant shall provide Plaintiff, Janine Chessa, via certified mail, all pertinent information and paperwork proving that Plaintiff was removed from the loan.

4.  Defendant is to pay directly to Lorraine Chessa the sum of $3,193.88, within thirty (30) days of the date hereof, representing funds taken from her account and applied toward the balance of the Defendant's loan obligation to Valley National Bank.

5.  Judgment No. 15-1851-1, under Docket No. PAS-L-4956-09, dated March 26, 2010, filed by Valley National Bank against Plaintiff, Janine Chessa, only, shall be and is hereby vacated.

_____

Honorable Ronny J. Siegal